PAOLA M. ARMENI, ESQ.
Nevada Bar No. 8357
E-mail:  parmeni@clarkhill.com
GIA N. MARINA, ESQ.
Nevada Bar No. 15276
E-mail: gmarina@clarkhill.com
**CLARK HILL PLLC**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: 702-862-8300
Facsimile: 702-862-8400
*Attorney for Plaintiffs, Patton Family*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem  TAYLORIA TAYLOR; and AJB, a minor by and through his Guardian Ad Litem TAYLORIA TAYLOR and TAYLORIA TAYLOR  as Co-Special Administrator of the ESTATE OF BRANDON LAVON PATTON, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC, formerly CORRECTIONS CORPORATION OF AMERICA, a foreign corporation d/b/a Nevada Southern Detention Center; DOE CORECIVIC EMPLOYEES I through XX; DOES I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-02072-JCM-EJY<br><br>~~PROPOSED~~ **JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rules 26-1(d) and (e), Plaintiff, Tayloria Taylor, as Guardian Ad Litem for minors, ATLP and AJB, and as Special Administrator of the Estate of Brandon Lavon Patton, deceased, by and through her counsel, Paola M. Armeni, Esq., and Gia N. Marina, Esq., of the law firm of Clark Hill, PLLC; Defendant CoreCivic, Inc., by and through their counsel, Ashlee B. Hesman of Struck Love Bojanowski & Acedo, PLC and Gina G. Winspear of Dennett Winspear, LLP, hereby submit the following Joint Rule 26(f) Report and Discovery Plan and Proposed Scheduling Order ("Discovery Plan").

1

CLARKHILL\K1879\417378\266807730.v2-4/14/22

## A. Meeting

The following persons participated in a Zoom Rule 26(f) conference call on April 14, 2022.

On behalf of the Plaintiffs, Gia N. Marina, Esq., of the law firm Clark Hill, PLLC, appeared.

On behalf of Defendants, Daniel Struck, Esq. and Kristina R. Rood, Esq., of the law firm Struck Love Bojanowski & Acedo, PLC, appeared.

## B. Initial Disclosures

The parties jointly agree that Initial Disclosures will be served on **May 16, 2022.**

## C. Local Rule 26-1(b)(1) – Discovery Cut-Off Date

Based on the first appearance of the Defendants, the discovery cut-off date would be August 17, 2022. However, due to the reasons delineated below the parties are requesting that the discovery cut-off date be **October 17, 2022.**

### Basis for Special Schedule Requested

Plaintiffs filed their Complaint on November 18, 2021 [Dkt 1].  Defendants appeared in the case by filing a Notice of Appearance on February 18, 2022 [Dkt 10].  On February 18, 2022, the parties filed a Joint Stipulation for Extension of Time for the Defendants to respond to the Complaint [Dkt 11].  On March 7, 2022, Defendants filed a Motion to Dismiss Plaintiff's Complaint [Dkt 14].  On March 16, 2022, the parties filed Stipulation for Extension of Time to respond to Defendant's Motion to Dismiss [Dkt 15].  On April 4, 2022, the Plaintiff filed their Response to Defendant's Motion to Dismiss [Dkt 17].  On April 8, 2022, the parties filed a Stipulation to Extend time to file a Reply to Plaintiff's Response to Defendant's Motion to Dismiss [Dkt 18].  Defendants' Reply is now due on April 25, 2022.  The parties have spent the last 60 days litigating the Motion to Dismiss; thus, delaying the commencement of discovery and necessitating longer deadlines than those contemplated by LR 26-1.

Further, the Plaintiffs currently have no information as to the specific employees who Mr. Patton interacted with while housed at Nevada Southern Detention Center.  Their identities will only be learned through the discovery process.  It is almost certain that multiple methods of

2

discovery, including written discovery and depositions, will need to be completed in order to correctly assert the true identities of such DOE and ROE Defendants without the need of amending the Complaint multiple times. Because Mr. Patton is deceased, Plaintiffs are left without the assistance from the one person that could identify the individuals without the need of extensive discovery.

Also, Defendant will conduct an investigation into this matter. Further, due to the confidential, security-sensitive, and proprietary nature of United States Marshals Service and CoreCivic documents, a protective order will need to be in place prior to the production of any documents such as handbooks, policies and procedures, facility photographs or any other internal documents. In the event the Court does not immediately rule on such protective order, this could delay the production of documents.

Finally, as this Court is aware, alternative dispute resolution almost becomes impossible once the parties engage experts due to absorbent fees and costs. Thus, in the interest of judicial economy and for both parties to be on equal ground, the parties request additional time to engage in meaningful discovery so that alternative dispute resolution can be meaningfully considered.

For all the above reasons, the parties respectfully request that this Court enter a Special Scheduling Discovery Plan.

**D. Local Rule 26-1(b)(2) – Amendments to Pleadings**

The parties shall file motions to amend pleadings and add parties not later than 90 days before the discovery cut-off date, and therefore, not later than **July 19, 2022.**

**E. Local Rule 26-1(b)(3) – Expert Disclosures**

The parties jointly propose the following dates for expert disclosures:

| EVENT | DEADLINE |
|---|---|
| Initial expert reports served 90 days before Discovery cut-off | **July 19, 2022** |
| Rebuttal expert reports, 60 days after initial expert report(s) | **September 16, 2022**[1] |

---

[1]The parties request this deadline be 60 days instead of 30 days after the initial disclosures of experts to allow sufficient time to secure a rebuttal expert as well as a report for a rebuttal expert disclosure.

3

CLARKHILL\K1879\417378\266807730.v2-4/14/22

**F.  Local Rule 26-1(b)(4) – Dispositive Motions**

The parties jointly propose that any dispositive motions must be filed within 30 days after the completion of discovery, i.e., not later than **November 16, 2022.**

**G.  Local Rule 26-1(b)(5) – Pretrial Order**

The parties jointly propose that the deadline for filing the joint pretrial order is 30 days after the deadline for filing dispositive motions, i.e., **December 16, 2022** or 30 days after the Court's decision on dispositive motion(s), whichever is later. Pursuant to LR 26-1(e)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the pretrial order.

**H.  Local Rule 26-1(b)(7) – Alternative Dispute Resolution**

The parties certify that they have met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. The parties have not reached any stipulations at this stage but note there may be interest in attending a settlement conference with a magistrate judge.

**I.  Local Rule 26-1(b)(8) – Alternative Forms of Case Disposition**

The parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636 (c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties have not reached any stipulations at this stage.

**J.  Local Rule 26-1(b)(9) – Electronic Evidence**

The parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Although not known at this time, if possible, the parties stipulate that they will provide discovery in an electronic format compatible with the Court's electronic jury evidence display system.  The parties stipulate that they will contact the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system.

…

…

4

CLARKHILL\K1879\417378\266807730.v2-4/14/22

**K. Additional Provision**

**a. Motions *in Limine***

The parties jointly propose that any motions *in limine* must be filed in accordance with LR 16-3, and not later than 30 days prior to trial. The parties further propose that any responses to motions *in limine* must be filed and served not later than 14 days after the motions *in limine* are filed.

**b. E-Mail Service**

The parties consent to electronic service, to the extent the size of the submission permits it, of all court filings, not served through ECF (e.g., filings under seal), and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). The parties further consent to electronic service of correspondence and discovery, in lieu of other service methods, under Fed. R. Civ. P. 5(b)(2)(E) on all counsel who have entered an appearance on behalf of the party to be served. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be sent via an FTP service or by courier delivery, using a service having the ability to "track" deliveries and verify receipt, or by United States Postal Service. The additional time provided by Fed. R. Civ. P. 6(d) will apply to e-mail service.

…

…

…

…

…

…

…

…

…

…

…

…

5

**c. Third Party Subpoenas**

Any party that serves a subpoena upon a third party must comply with the notice requirement of Fed. R. Civ. P. 45(a)(4) and simultaneously serve a copy of such subpoena upon each other party.  Moreover, any party that receives documents and/or correspondence form a third party pursuant to a subpoena will immediately provide those documents and/or correspondence to each party.

DATED this 22nd day of April 2022.           DATED this 22nd day of April 2022.

**CLARK HILL, PLLC**                          **STRUCK LOVE BOJANOWSKI & ACEDO, PLC**

 /s/ Paola M. Armeni                           /s/ Ashlee B. Hesman
PAOLA M. ARMENI, ESQ.                         ASHLEE B. HESMAN
Nevada Bar No. 8357                          Nevada Bar No. 012740
GIA N. MARINA, ESQ.                          3100 West Ray Road, Suite 300
Nevada Bar No. 15276                         Chandler, Arizona 85226
3800 Howard Hughes Pkwy., #500
Las Vegas, Nevada 89169                      **DENNETT WINSPEAR, LLP**
*Attorneys for Plaintiffs, Patton Family*    GINA G. WINSPEAR
                                             Nevada Bar No. 005552
                                             3301 North Buffalo Drive, Suite 195
                                             Las Vegas, Nevada 89129
                                             *Attorneys for Defendant, CoreCivic, Inc.*

**IT IS SO ORDERED.**

Dated this 25th day of April 2022.

_____
UNITED STATES MAGISTRATE JUDGE

CLARKHILL\K1879\417378\266807730.v2-4/14/22