Ashlee B. Hesman
Nevada Bar No. 012740
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
ahesman@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Tel.: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Attorneys for Defendant CoreCivic*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem Tayloria Taylor; and AJB, a minor, by and through his Guardian Ad Litem Tayloria Taylor, and Tayloria Taylor as Co-Special Administrator of the Estate of Brandon Lavon Patton, Deceased,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., formerly Corrections Corporation of America, a foreign corporation d/b/a Nevada Southern Detention Center; Doe CoreCivic Employees I through XX; Does I through X; and Roe Entities I through X, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. 2:21-cv-02072-JCM-EJY<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |

Plaintiffs ATLP, a minor, by and through his Guardian Ad Litem Tayloria Taylor; and AJB, a minor, by and through his Guardian Ad Litem Tayloria Taylor; and Tayloria Taylor as Co-Special Administrator of the Estate of Brandon Lavon Patton, Deceased ("Plaintiffs"), and Defendant CoreCivic, Inc. (collectively, the "Parties" and singularly, "Party"), through

their respective counsel, stipulate and agree that the following specifications shall govern the dissemination of documents and information exchanged between the Parties in this matter, and jointly request that the Court enter the following Protective Order.

1. For purposes of this Stipulation and Order, "discovery" means all information, documents, and things subject to discovery and that may be used as evidence in this action, whether produced by any Party or third party, including but not limited to, documents and information produced and/or disclosed pursuant to Rule 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36. The term "documents" includes, but is not limited to, correspondence, memoranda, interoffice and/or intra-government communications, letters, statements, contracts, invoices, drafts, charts, work sheets, logs, transcripts, summaries, notes, abstracts, motions, drawings, diagrams, maps, specifications, sketches, drawings, data, reports, work assignments, instructions, and other writings.

2. For purposes of this Stipulation and Order, "CONFIDENTIAL INFORMATION" means any document, information, or tangible thing, electronic recording or transcript of oral testimony, whether or not made under oath, or any portion of such a document, thing, recording, or transcript, designated by any Party as "CONFIDENTIAL" because it contains: (a) proprietary information (i.e., trade secret or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26); (b) security-sensitive information related to the operation of any CoreCivic facility (i.e., information that if released to the public or inmate/detainee population may compromise the safety and security of a secure correctional or detention facility); (c) confidential personal information related to Plaintiffs, or current or former employees of CoreCivic, the disclosure of which might invade such persons' privacy; (d) confidential information relating to or identifying current or former inmates or detainees (other than the Decedent Brandon Patton), the disclosure of which might invade those persons' privacy; or

(e) information reasonably believed to be protected from disclosure pursuant to state or federal law. CONFIDENTIAL INFORMATION is specifically intended to include, but is not limited to: (1) CoreCivic's policies and procedures, unless they are already public records; (2) CoreCivic's training materials, information, and documents, unless they are already public records; (3) CoreCivic's Post Orders, unless they are already public records; (4) CoreCivic's investigative materials, to the extent, if any, they apply to Plaintiffs' claims, unless they are already public records, including, but not limited to, inmate/detainee institutional files and/or documents, disciplinary-related documents, criminal history-related documents, security threat group or gang intelligence-related documents, and presentence investigations; (5) facility diagrams/photographs/security video, including information related to placement of security cameras, unless they are already public records; (6) documents containing financial, pricing, or contractual information, unless they are already public records; and (7) any records of CoreCivic's government partners already contained in CoreCivic's records, unless they are already public records. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings, and any instrument that comprises, embodies, or summarizes matter that any Party considers confidential. Nothing in this Stipulation and Order or the acceptance of documents under this Stipulation and Order waives any Party's rights to object to the classification of any information as CONFIDENTIAL and to submit the issue to the Court for resolution.  Nor does anything in this Order require a Party to produce such CONFIDENTIAL INFORMATION.

   3. It is contemplated that the Parties may produce documents and/or information and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked "CONFIDENTIAL" will be subject to this Stipulation and Order.  Documents subject to this

1  Stipulation and Order will be used by non-producing Parties only in this lawsuit, including
2  any appeals. CONFIDENTIAL INFORMATION will not be disseminated or produced
3  except in accordance with this Order.

4      4. Whenever a deposition or court proceeding involves the disclosure of a Party's
5  CONFIDENTIAL INFORMATION, the following procedure will apply:

6      a. The court reporter will be directed to bind those portions of the
7  transcript containing CONFIDENTIAL INFORMATION separately. This request will be
8  made on the record whenever possible.

9      b. The cover of any portion of a deposition or court proceeding transcript
10 that contains testimony or documentary evidence that has been designated CONFIDENTIAL
11 INFORMATION will be prominently marked with the legend: CONFIDENTIAL/SUBJECT
12 TO PROTECTIVE ORDER.

13      c. All portions of deposition transcripts designated as CONFIDENTIAL
14 INFORMATION will be sealed and will not be disseminated except to the persons identified
15 in Paragraphs 7 and 8.

16      d. Any Party may designate any portion of a deposition, not previously
17 designated as CONFIDENTIAL INFORMATION, as CONFIDENTIAL INFORMATION
18 within 60 days of receipt of the transcript of the deposition by the Party by advising all counsel
19 of record of their designation of the specific portions of the deposition as CONFIDENTIAL,
20 which shall then be treated as if designated initially at the deposition from that point forward.

21      5. If counsel for any Party wishes to file CONFIDENTIAL INFORMATION on
22 the public docket or otherwise make it publicly available, counsel shall notify opposing
23 counsel of their intent to file or distribute such material at least three business days before
24 doing so. Upon such notice, counsel for both Parties shall confer in good faith to agree on
25 appropriate redactions, if necessary. Unless otherwise agreed to by the Parties, all pleadings
26 that contain the "CONFIDENTIAL" designation shall only be publicly filed in redacted form.
27 An unredacted version will be filed under seal with the clerk of the court pursuant to the
28

Federal Rules of Civil Procedure, this Court's Civil Local Rules, General and Special Orders, and any other applicable orders issued by this Court or rules promulgated by this Court, including Local Rules requiring the Parties to seek leave to file under seal by motion. If the Party that made the "CONFIDENTIAL" designation is not the party seeking to file the "CONFIDENTIAL INFORMATION," then the Designating Party shall be responsible for providing its reasoning for wanting the material filed under seal in writing to the Filing Party within such times as reasonable for the Filing Party to move to file under seal in advance or contemporaneously with the filing. The parties shall follow and abide by the Federal Rules of Civil Procedure, this Court's Civil Local Rules, General and Special Orders, and any other applicable orders issued by this Court or rules promulgated by this Court with respect to filing documents under seal.

6. Subject to the Federal Rules of Evidence, CONFIDENTIAL INFORMATION may be offered in evidence at trial or any court hearing in this matter, provided that the proponent of the evidence gives reasonable notice to counsel for any Party or other person who designated the information as CONFIDENTIAL. Any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL, and what protection, if any, the information may be afforded at trial.

7. Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION will be restricted to: the Court and its officers; attorneys in this action and their support staff, including paralegals, legal interns, and legal assistants; the Parties; the Parties' testifying or consulting experts; any person noticed for deposition or designated as a trial witness to the extent reasonably necessary to prepare such person to testify, except as prohibited by paragraph 8; where production is required by the Federal Rules of Civil Procedure; or where production is ordered by the Court. Any person to whom disclosure is

made will be furnished with a copy of this Stipulation and Order and will be subject to the Order.

8. CONFIDENTIAL INFORMATION containing the address, identifying information, dependent information, or contact information of current or former CoreCivic employees or contractors will not be disclosed to any current or former inmate/detainee or member of the general public. Access will be restricted to the attorneys in this action, their support staff, and any consulting or testifying experts. Moreover, CONFIDENTIAL INFORMATION containing policies, protocols, practices, and directives specifically relating to security procedures utilized by any CoreCivic employee, government partner, or contractor at a CoreCivic facility will not be disclosed to any current or former inmate/detainee or the general public, unless they are already public records. CoreCivic will produce the information with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY." CONFIDENTIAL INFORMATION so labeled shall not be disclosed to the public or to any present or former inmate/detainee and will be handled accordingly at all times barring a written agreement by CoreCivic to modify or remove the designation or a court order. The terms of this Stipulation and Order are not to be construed as an agreement by CoreCivic, or its employees, to disclose security-sensitive information related to the operation of any CoreCivic facility. Before any portion of a deposition or court proceeding transcript that has been marked CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER and/or CONFIDENTIAL/ATTORNEYS' EYES ONLY and contains testimony or documentary evidence regarding CONFIDENTIAL INFORMATION pertaining to a current or former CoreCivic employee/contractor, including but not limited to the person's home address, personal phone number, personal email address, names of friends and/or family members, or other similar information, is filed with the Court or provided to any person other than the attorneys in this matter, including the Parties or their experts, all such confidential personal information shall be redacted.

9. If any Party, or that Party's counsel, expert, or agent, is required by law or court order to disclose another Party's CONFIDENTIAL INFORMATION to any person or entity not identified in paragraph 7, the name of that person or entity will be furnished to the Party that designated the information as CONFIDENTIAL as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that the Party may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 7 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Stipulation and Order.

10. The Parties retain the right to challenge the designation of a particular document as CONFIDENTIAL. If a Party to this Stipulation and Order who has received material marked CONFIDENTIAL in accordance with this Stipulation and Order disagrees with the designation, in full or in part, the Party shall notify the Designating Party in writing, and the Parties will confer in good faith as to the status of the material at issue. If the Receiving Party and the Designating Party are unable to agree upon the status of the material at issue, any Party may raise the issue with the Court for resolution. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL rests with the Designating Party.

11. A Party does not waive its right to designate a document as containing CONFIDENTIAL INFORMATION by inadvertently disclosing it without the designation.

   a. If a Party receives a document or information that the Party knows or has reason to believe may constitute CONFIDENTIAL INFORMATION, but which was not designated as such by the Designating Party, the Receiving Party shall promptly notify the Designating Party so that the Parties may meet and confer as to whether the document should have been designated as CONFIDENTIAL. The Receiving Party shall treat the document or information as if it had been designated as CONFIDENTIAL INFORMATION until the parties have met and conferred and the Designating Party has either designated the document

or information as CONFIDENTIAL and produced a copy of the document or information marked as "CONFIDENTIAL," at which point all other provisions of this Order will apply, including the Receiving Party's right to challenge the designation.

b. If a Party discovers that it has inadvertently produced CONFIDENTIAL INFORMATION without designating it as such, it shall promptly inform the Receiving Party that the document or information is CONFIDENTIAL and produce a copy of the document or information marked as "CONFIDENTIAL." Upon receiving such notice, the Receiving Party shall treat the document as if it had been originally designated as CONFIDENTIAL INFORMATION.

c. Any time a Party is notified that a document or information was inadvertently produced without being marked as "CONFIDENTIAL," and the document or information is already part of a filing with the Court, the Filing Party shall either withdraw the document or information or the Parties shall agree to brief the issue for the Court pursuant to applicable law with respect to filing documents under seal.

12. Upon completion of this litigation, counsel and their experts shall return, or by agreement of the Parties may provide a Certificate of Destruction, to the Producing Party any CONFIDENTIAL INFORMATION produced in this action. One file copy of all material may be retained by counsel for each Party for malpractice purposes. Legal memoranda and briefs containing protected information, and any work product materials containing protected information may be retained if such documents are kept in the possession of a private litigant's counsel, and shall not in the future be disclosed contrary to the provisions of this Stipulation and Order. Nothing herein shall restrict CoreCivic's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

13. Nothing in this Stipulation and Order precludes the Parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material subject to this Stipulation and Order. Moreover, by agreeing generally in this Stipulation and Order that certain categories will be covered as

CONFIDENTIAL, the Parties do not waive the right to challenge the discoverability of documents that fall within those categories.

14. Each person designated in Paragraph 7, by receiving a copy of the Stipulation and Order agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Stipulation and Order is breached.

15. The Court may modify this Protective Order in the interests of justice or for public policy reasons.

DATED this 3rd day of August, 2022.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By *Ashlee Hesman*

Ashlee B. Hesman
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
ahesman@strucklove.com

Gina G. Winspear
DENNETT WINSPEAR
3301 North Buffalo Dr., Suite 195
Las Vegas, NV 89129
GWinspear@dennettwinspear.com
*Attorneys for Defendant CoreCivic*

CLARK HILL, PLLC

By *[signature]*

Paola M. Armeni
Gia N. Marina
3800 Howard Hughes Pkwy. Ste. 500
Las Vegas, NV 89169
parmeni@clarkhill.com
gmarina@clarkhill.com
*Attorneys For Plaintiff*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: August 4, 2022