UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ATLP, a minor, by and through his Guardian Ad Litem TAYLORIA TAYLOR, et al.,

Plaintiff(s),

v.

CORECIVIC, INC.,

Defendant(s).

Case No. 2:21-CV-2072 JCM (EJY)

ORDER

Presently before the court is defendant CoreCivic, Inc.'s ("CCI") motion to dismiss plaintiff Tayloria Taylor ("Taylor")'s complaint. (ECF No. 14). Taylor, as co-special administrator of the estate of Brandon Patton ("Patton") and as guardian ad litem for minors ATLP and AJB (the "minor plaintiffs") (collectively with Taylor, "plaintiffs"), filed a response (ECF No. 17), to which CCI replied (ECF No. 28).

I.    **Background**

The instant suit arises from Patton's death while detained at the Nevada Southern Detention Center ("NSDC") during the COVID-19 pandemic. (ECF No. 1 at 4). During Patton's detention, the World Health Organization declared the outbreak of COVID-19 a pandemic, and the Center for Disease Control and Prevention stated that individuals with heart, lung, and kidney diseases were at higher risk of serious COVID-19 illness, which could result in death. (*Id.* at 5–6). Plaintiffs allege that CCI, the operator of NSDC, failed to adequately protect against COVID infections inside NSDC. (*Id.* at 6–7).

Specifically, plaintiffs allege that upon arrival at NSDC, officials documented that Patton suffered from several medical conditions, including hypertension, asthma, obesity, and kidney

James C. Mahan
U.S. District Judge

disease, amongst others. (*Id.* at 4–5). Then, despite knowledge that Patton was "high-risk" for severe COVID infection, CCI placed him in general population, failed to adequately follow policies to prevent COVID infection, and maintained a "cavalier" attitude toward those policies. (*Id.* at 6–7). Plaintiffs also allege that when Patton was placed in solitary confinement to protect against COVID infection, prison staff turned off air conditioning in the unit in retribution. (*Id.* at 5–7).

Approximately a month after being placed in solitary confinement, Patton fell ill with COVID. (*Id.* at 8). After a thirteen-day hospitalization, Patton died from COVID-19 complications. (*Id.*). Plaintiffs brought this action against CCI. Taylor alleges claims for wrongful death, negligence, gross negligence, and negligent training and supervision, and the minor plaintiffs join her claims for wrongful death, gross negligence, and negligent training and supervision. (*Id.*). CCI now moves to dismiss plaintiffs' complaint in its entirety. (ECF No. 14).

**II.    Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.    Discussion**

A. The minor plaintiffs lack statutory standing to pursue their claims for gross negligence and negligent supervision and training

Survival and wrongful death actions are statutory creations in Nevada, meaning the relevant statutes confer standing. *See* NEV. REV. STAT. §§ 41.085; 41.100; *Snow v. United States*,

479 F. Supp. 936, 943 n.1 (D. Nev. 1979), *overruled on other grounds*. The Nevada survival action statute provides that while no cause of action is extinguished by death, any survival action must be brought by the estate's administrator. NEV. REV. STAT. § 41.100; *Moreland v. Las Vegas Met. Police Dept*, 159 F.3d 365 (9th Cir. 1998). Conversely, both the heirs *and* the estate's administrator may bring a wrongful death action. NEV. REV. STAT. § 41.085.

Here, Taylor is both a representative of Patton's estate and guardian ad litem of Patton's minor heirs.[1] This dual role allows her to bring both survival and wrongful death actions. *See* NEV. REV. STAT. §§ 41.085; 41.100. As guardian ad litem, Taylor acts on behalf of the minor plaintiffs and may bring just the claims those specific plaintiffs have standing to pursue. *See Hogle v. Hall*, 916 P.2d 814, 819 (Nev. 1996). The minor plaintiffs are not appointed representatives of the estate and thus lack standing to bring survival actions. *See* NEV. REV. STAT. § 41.100. However, under Nevada law they may pursue a wrongful death action as heirs of the decedent's estate. NEV. REV. STAT. § 41.085.

Therefore, the minor plaintiffs' claims for gross negligence and negligent supervision and training must be dismissed with prejudice.

B. The Doe and Roe defendants are dismissed as fictitious defendants, but the Doe CCI employees remain

Generally, the use of "John Doe" to identify a defendant is disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968)). However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. *Id.* In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Id.* (citations omitted).

---

[1] On April 12, 2022, the court granted Taylor's application for appointment as guardian ad litem for minor plaintiffs ATLP and AJB *nunc pro tunc*. Because the court has appointed Taylor as the minor plaintiffs' guardian ad litem, the minor plaintiffs may properly bring their claims before the court. CCI's arguments that the minor plaintiffs' claims should be dismissed for lack of capacity are unpersuasive.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Here, the complaint makes no factual allegations against "Does I through X" or "Roe Entities I through X". The court thus dismisses those fictitious defendants. However, there are factual allegations against "Doe CCI Employees I through V." (*See, e.g.*, ECF No. 1 ¶¶ 39–40). Because discovery could uncover these defendants' identities, the court declines CCI's request to also dismiss these fictitious defendants.

C. Failure to state a claim

*1. Wrongful Death and Negligence*

Plaintiffs' wrongful death and negligence claims are both based on CCI's alleged negligent behavior, so the court considers them together. "It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008)). Wrongful death claims require a plaintiff show that the decedent's death was caused "by the wrongful act or neglect of another." NEV. REV. STAT. § 41.085.

Here, taking all factual allegations as true, plaintiffs plausibly state negligence and wrongful death claims for relief. Plaintiffs allege that CCI and its employees (1) had a duty to Patton as a detainee to provide adequate protection against COVID infection; (2) breached that duty by failing to protect against COVID-19 infection when staff sometimes failed to wear masks, take proper sanitation measures, and follow appropriate administrative policies;[2] (3) those breaches led to Patton's infection and subsequent death; and (4) they suffered damages as a result. (ECF No. 1 at 7–9).

At this motion to dismiss stage, plaintiffs must merely state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Plaintiffs have done so here; they have sufficiently given fair notice of the

---

[2] CCI contends that dismissal is appropriate because the complaint imprecisely alleges whether Patton was held in solitary confinement or general population as he fell ill. That distinction is irrelevant. While some of the allegations are specific to NSDC's general population, the majority of them refer to detainees generally or to the actions of staff members. *Compare* (ECF No. 1 ¶ 26) (specifically alleging that general population detainees could not engage in proper precautions) *with* (*Id.* ¶¶ 27–28, 32) (referring to "detainees" generally); *see also* (*Id.* ¶¶ 33, 36) (alleging that staff members failed to take precautions).

**James C. Mahan**
**U.S. District Judge**

- 5 -

claims allowing CCI to defend itself. *See Starr*, 652 F.3d at 1215. The court denies CCI's motion to dismiss as to plaintiffs' claims for wrongful death and Taylor's claim for negligence.

### 2. *Gross Negligence*

Gross negligence requires that a defendant go beyond mere negligence by failing "to exercise even the slightest degree of care." *Hart v. Kline*, 116 P.2d 672, 673–74 (Nev. 1941).

Here, Taylor defeats her own argument. She alleges that CCI's employees "*sometimes* failed to wear masks" and that "staff did not *always* wear masks." (ECF No. 1 at 7) (emphasis added). While these allegations are accepted as true for the purposes of this motion, the fact that CCI's employees sometimes made these omissions means that the converse must also be true; sometimes they did take those precautions. Taking some level of precaution, even if inconsistently, is not a failure "to exercise even the slightest degree of care." *See Hart*, 116 P.2d at 673–74. While Taylor's negligence claim survives, her complaint fails to allege the additional element required for gross negligence. *See id.* Taylor's claim for gross negligence is also dismissed.

### 3. *Negligent Training and Supervision*

To prevail on a claim of negligent hiring and supervision, a plaintiff must show: (1) a general duty on the employer to use reasonable care in the training, and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013) (quotation omitted). "Claims for negligent training and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else." *Okeke*, 927 F. Supp. 2d at 1028. However, an "employee's wrongful behavior does not in and of itself give rise to a claim for negligent training and supervision." *Id.*

Here, Taylor alleges that NSDC employees acted wrongfully by failing to take appropriate COVID precautions, failing to provide Patton with his medications, and denying him air-conditioning while he was in solitary confinement. (ECF No. 1 at 6–7). These are not the type of wrongs the tort of negligent hiring and supervision protects against. *See Okeke*, 927 F. Supp. 2d

**James C. Mahan**
**U.S. District Judge**

- 6 -

at 1028. These are instances of individual wrongful behavior by employees, not instances where the employer negligently placed the employee in a position to harm another. *See id.* The complaint never alleges that CCI knew or should have known of the employees' conduct, just that the employees' conduct occurred. Therefore, the court dismisses Taylor's claim for negligent training and supervision.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CCI's motion to dismiss (ECF No. 14) be, and the same hereby is, DENIED in part and GRANTED in part. The court grants CCI's motion to dismiss as to all claims against Doe Defendants I through X and Roe Entities I through X, as well as plaintiffs' third and fourth claims against all defendants. The court denies the motion as to all other claims.

DATED August  15, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**