CLARK HILL PLLC
PAOLA M. ARMENI
Nevada Bar No. 8357
Email: parmeni@clarkhill.com
GIA M. MARINA
Nevada Bar No. 15276
Email: gmarina@clarkhill.com
3800 Howard Hughes Pkwy., #500
Las Vegas, Nevada 89169
Tel: (702) 862-8300
Fax: (702) 778-9709
*Attorneys for Plaintiffs, Patton Family*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem TAYLORIA TAYLOR; and AJB, a minor by and through his Guardian Ad Litem TAYLORIA TAYLOR and TAYLORIA TAYLOR as Co-Special Administrator of the ESTATE OF BRANDON LAVON PATTON, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC, formerly CORRECTIONS CORPORATION OF AMERICA, a foreign corporation d/b/a Nevada Southern Detention Center; DOE CORECIVIC EMPLOYEES I through XX; DOES I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-02072-JCM-EJY<br><br><br><br>**PLAINTFFS PATTON FAMILY'S UNOPPOSED[1] MOTION TO EXTEND DISCOVERY DEADLINES (THIRD REQUEST)** |

Plaintiff, Tayloria Taylor, as Guardian Ad Litem for minors, ATLP and AJB, and as Special Administrator of the Estate of Brandon Lavon Patton, deceased, by and through her counsel, Paola M. Armeni, Esq., and Gia N. Marina, Esq., of the law firm of Clark Hill, PLLC, hereby respectfully submits this Unopposed Motion to Extend Discovery Deadlines to extend the current discovery deadlines for a period of (90) ninety days.

Plaintiffs have been diligent in prosecuting this case, but both scheduling and discovery

---

[1] Plaintiffs' counsel emailed Defendant's out of state counsel Ashlee Hesman on December 21, 2022, requesting a stipulation to extend discovery deadlines due to the status of discovery in this case. On December 27, 2022, defense counsel responded that they would not oppose a 90-day extension. When Plaintiffs' counsel asked if this could be done by stipulation or a motion, defense counsel advised a motion needed to be filed.

ClarkHill\K1879\417378\269944303.v2-1/6/23

conflicts has precluded Plaintiffs' counsel from completing the discovery necessary to meet the first discovery deadline of January 27, 2023 (adding or amending) entered by this Court. Importantly, Plaintiffs have been estopped from completing discovery and as a result have not been able to gather essential information needed to prosecute this case. There have been multiple attempts to establish compliance with discovery requests through correspondence and meet and confers; however, unfortunately, the parties are not able to agree and thus a Motion to Compel Discovery Responses is being filed simultaneously to this Motion. Additionally, through the course of discovery, Plaintiffs have learned that Defendant's lead counsel is a percipient witness to the claims and actions in this lawsuit. As such, a Motion to Recuse Counsel is also being filed simultaneously.

Plaintiffs are in the unique situation where the main witness is deceased and thus, cannot assist his counsel in identifying *by name* the actors which took part in the allegations asserted in Plaintiffs' Complaint. Plaintiffs have attempted to streamline discovery in an effort to identify the names of said DOE and ROE Defendants through written discovery so that depositions can be set accordingly. In return, Plaintiffs have been met with objections asserting documents are *likely* being withheld, documents with whole pages redacted as "irrelevant," privilege logs with improper assertions to withhold documents as "irrelevant" to which no such privilege exists and other dilatory efforts to thwart the discovery process. Good cause exists to extend the discovery deadlines and the request for extension is not for purposes of delay or harassment.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT SPECIFYING THE DISCOVERY COMPLETED TO DATE

Plaintiffs filed their Complaint [Dkt. 1] on or about November 18, 2021.

Plaintiffs also filed a Motion to Appoint Guardian/Attorney ad Litem [Dkt. 2] on November 18, 2021, which was granted on April 12, 2022 [Dkt. 23].

Defendant CoreCivic was served on February 1, 2022. [Dkt. 9].

The parties filed a Stipulation to Extend Deadline to Respond to Complaint [Dkt. 11]. Defendant CoreCivic filed a Motion to Dismiss Plaintiffs' Complaint [Dkt. 14] on March 7, 2022.

The parties filed a Stipulation to Extend the Deadline for Plaintiffs' Response to Defendant CoreCivic's Motion to Dismiss Complaint [Dkt. 15].

ClarkHill\K1879\417378\269944303.v2-1/6/23

Plaintiffs filed their Response to Defendant CoreCivic's Motion to Dismiss [Dkt. 17] on April 4, 2022.

The parties filed their Discovery Plan and Scheduling Order [Dkt. 25] on April 22, 2022, which was thereafter granted on April 25, 2022 [Dkt. 26].

Defendant CoreCivic filed its Reply in Support of its Motion to Dismiss on April 25, 2022 [Dkt. 28].

Plaintiffs and Defendant CoreCivic, Inc. served their initial disclosures on May 16, 2022. Plaintiffs have served their first supplement to disclosures on July 15, 2022, their second supplement to disclosures on October 5, 2022, and their third supplement to disclosures on November 28, 2022. Defendant CoreCivic served its first supplement to disclosures on September 14, 2022.

On June 8, 2022, Defendant CoreCivic served Plaintiffs with their First Set of Interrogatories, First Set of Requests for Production and First Set of Requests for Admissions. These requests contemplate and include Social Security Administration Consent for Release of Information for ALTP, AJB, Tayloria Taylor and Brandon Patton, HIPPA releases for ALTP, AJB, Tayloria Taylor and Brandon Patton, FERPA releases for AJB and ALTP, Plaintiffs served their responses on July 15, 2022.

On June 28, 2022, Plaintiffs served Defendant CoreCivic with their First Set of Interrogatories, First Set of Requests for Production and First Set of Requests for Admissions. Defendant's responses were served on August 18, 2022. Responses to these written discovery requests were crucial to Plaintiffs in order to identify the necessary parties to be added to this lawsuit.

On August 5, 2022, Defendant CoreCivic served several subpoena duces tecums for records upon Acorn Hallow Early Learning Center, AmeriTest, Cretive Beginnings Day Care, DNA Diagnostics, Kiddie Korral Child Care, Newkota, Danielle Bloms, and Deja Mathis. To date, Defendant has only produced subpoenaed documents from Kiddie Korral, Creative Beginnings, and Acorn Hollow.

On August 15, 2022 [Dkt. 33], the Court granted in part and denied in part, Defendant's Motion to Dismiss. Defendant filed its Answer on August 28, 2022. [Dkt. 34].

ClarkHill\K1879\417378\269944303.v2-1/6/23

On September 8, 2022 Plaintiffs served Defendant with a letter requesting that they supplement its response to Interrogatory No. 5. Defendant supplemented their responses to Plaintiffs' First Request for Interrogatories and Plaintiffs' First Request for Production of Documents on October 28, 2022.

On September 15, 2022, Plaintiffs served Defendant Core Civic with their Second Set of Requests for Interrogatories and Second Set of Request for Production of Documents and Defendant responded on October 28, 2022.

On October 17, 2022 Defendant served Plaintiffs' with a letter regarding deficiencies in their responses to Defendant CoreCivic's First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production of Documents. Plaintiffs' served their First Supplemental Responses to CoreCivic's First Requests for Production on November 28, 2022 and their Second Supplemental Responses to CoreCivic's First Set of Requests for Production on November 29, 2022.

On December 6, 2022, Defendant CoreCivic served Plaintiffs with a Second Set of Request for Production of Documents and a Second Set of Interrogatories to Plaintiffs. Plaintiffs' responded on January 5, 2023.

On December 7, 2022, there was a meet and confer on Defendants' discovery responses. The parties could not agree on some discovery disputes and as to others Defendant stated they would review their privilege log and make necessary adjustments.

On December 13, 2022, Defendant CoreCivic served a Notice of Intent to serve subpoenas duces tecum upon Newkota Services and Rentals, LLC; Pizza Hut; First Choice Energy Services, LLC; Dee Jay's QSR of North Dakota, Inc., d/b/a/ Kentucky Fried Chicken; Federal Public Defender, District of Nevada; RARE Hospitality Management, LLC, d/b/a/ Longhorn Steakhouse; and Apple Core Enterprises & Food Management Investors, Inc., d/b/a Applebee's.

On December 21, 2022, Defendant CoreCivic served its Second Supplemental Responses to Plaintiffs' First Set of Request for Production of Documents with a corresponding supplemental privilege log.

On December 23, 2022, Plaintiffs' counsel emailed out of state defense counsel and explained why they believed that the privilege log was again improper. They requested a meet

ClarkHill\K1879\417378\269944303.v2-1/6/23

and confer the following week. A meet and confer was set for January 5, 2023.

On the morning of January 5, 2023, Defendant's counsel emailed Plaintiffs' counsel advising that while they disagree with Plaintiffs' assertions regarding the various privileges, they would agree to produce documents exclusively withheld based on the common interest privilege, patient safety privileges, work-product privilege in part, and documents withheld based on relevance. Plaintiffs' counsel asked Defendant's counsel to reconsider their position on responses to interrogatories on the same basis (not relevant), as Plaintiffs could take the same position to multiple requests by the Defendant but have chosen to cooperate. Defense counsel advised they will not reconsider their objections to Plaintiffs' discovery requests.

Additionally, defense counsel advised they would produce the above-referenced withheld documents within the week. They further advised that a list of topics to be discussed as an additional meet and confer regarding Plaintiffs' responses to discovery would be produced by January 9, 2023 in order to hold a productive meet and confer before seeking Court intervention.

## II.    SPECIFIC DESCRIPTION OF REMAINING DISCOVERY TO BE COMPLETED

Additional time is needed to finish discovery in this case. Presently, the expert disclosure deadline is February 27, 2023 and deadline to add parties is set for January 27, 2023. Plaintiffs' counsel and defense counsel have worked diligently on discovery including propounding and responding to multiple sets of discovery requests. However, in multiple instances, the parties have had to serve letter correspondence followed with meet and confers regarding deficient discovery responses. While the parties have tried to work amicably toward resolution and grant each other time to strategize how to respond to each's requests, the parties are at an impasse and will require Court intervention.[2]

Due to the deficiencies in discovery responses, Plaintiffs are without the necessary information to even proceed to depositions in this matter. Indeed, Defendant has withheld a substantial amount of discovery which, in part, it advised it will produce within the week. However, it still is not agreeing to produce a substantial amount of evidence based on a "relevance"

---

[2] Plaintiffs' Motion to Compel Discovery Responses and Motion to Recuse Defendant's Counsel is filed concurrently herewith.

ClarkHill\K 1879\417378\269944303.v2-1/6/23

objection. Further, a substantial amount of documents produced by Defendant in this case contain a large amount of redactions to which Defendant also claims is "irrelevant." Without Plaintiffs knowing what information is contained in those documents, they cannot challenge Defendant's relevance objections.[3] This has caused hurdles for the Plaintiff in identifying DOE CoreCivic Employees as well as prosecuting the case.

Defendants recently asked for availability to set three depositions. Dates of availability were provided. The first request by Defendant to take a deposition includes a request to take the deposition of one of the minor children in this case. This request may result in the need for Court intervention.

Following the receipt of responses to written discovery, which now necessitates Court intervention, Plaintiffs will review those responses to identify additional areas of inquiry if necessary. The parties will then engage in depositions of party-witnesses and fact witnesses. Following depositions, both parties should be prepared to explore and retain experts.

### III.    REASONS WHY THE DISCOVERY REMAINING WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE SCHEDULING ORDER

At the outset, the parties have outstanding written discovery in order to identify necessary parties that must be added to this lawsuit. Until those persons have been identified, Plaintiffs cannot set depositions of those persons. As stated above, the parties have made several attempts including multiple letter correspondence and a meeting to resolve outstanding discovery issues. However, the parties have reached an impasse on areas of discovery which necessitate Court intervention. The latest denial to provide responses to requests from Defendant occurred on January 5, 2023. Plaintiffs have filed a Motion to Compel Discovery Responses and a Motion to Recuse Defendant's Counsel concurrently herewith. Because Plaintiffs' Motion to Compel asks this Court to compel Defendant to produce what they believe is a *substantial* amount of information being withheld in this matter, Plaintiffs cannot proceed with taking depositions or retaining experts until they have received documents to fill in the missing gap in discovery.

Further, as stated in the Complaint, the deceased Plaintiff in this action had an extensive

---

[3] Plaintiffs' Motion to Compel asks this Court to review the documents *in-camera* to determine whether the information withheld by Defendant are truly "irrelevant."

medical history. Documentation has been provided but Defendants have requested 10 years of records. Plaintiffs have signed numerous releases to assist the Defendants in getting the documents they are seeking. It will take time for Defendants to receive the documents related to those releases. These documents will be necessary in order to retain any medical expert or an expert to opine on the deprivation of Mr. Patton's constitutional rights.

The extended time will allow adequate time for the parties to conduct discovery, including propounding written discovery and scheduling party, third-party and expert depositions. Good cause exists for the requested extension, and therefore, the parties believe their request for an extension should be granted.

**IV.    PROPOSED SCHEDULE FOR COMPLETING DISCOVERY**

As addressed above, Defendant CoreCivic does not oppose extending the current discovery deadlines, however, would not stipulate to such. Accordingly, the following schedule is proposed for completing discovery:

Discovery Cut-Off Deadline

The discovery cut-off deadline shall be extended for approximately 90 days from April 27, 2023 to **July 26, 2023**.

Expert Disclosures

Pursuant to LR 26-1(b)(3), the Parties shall disclose initial expert reports 60 days before the extended discovery cut-off date, and therefore, not later than **May 29, 2023**.

The Parties shall disclose rebuttal expert reports 45 days after the disclosure of the initial disclosure of experts, and therefore, not later than **July 13, 2023**.

Dispositive Motions Deadline

Pursuant to LR 26-1(b)(4), the Parties shall file dispositive motions 30 days after the extended discovery cut-off date of July 26, 2023, and therefore, not later than **August 25, 2023**.

Pretrial Order

Pursuant to LR 26-1(b)(5), the Parties shall file their joint pretrial order on **September 25, 2023** or approximately 30 days after resolution of dispositive motions.

ClarkHill\K1879\417378\269944303.v2-1/6/23

## V.   CONCLUSION

WHEREFORE, Plaintiffs move this Court for an Order extending the discovery deadlines in order for the parties to adequately complete discovery and retain the appropriate experts.

Dated this 6th day of January 2023.

**CLARK HILL PLLC**

*/s/ Paola M. Armeni, Esq.*
Paola M. Armeni, Esq.
Nevada Bar No. 8357
Gia N. Marina, Esq.
Nevada Bar No. 15276
3800 Howard Hughes Pkwy., #500
Las Vegas, Nevada 89169
*Attorneys for Plaintiffs, Patton Family*

**ORDER**

**IT IS SO ORDERED:**

DATED: January 9, 2023

_____
UNITED STATES MAGISTRATE JUDGE

ClarkHill\K1879\417378\269944303.v2-1/6/23