CLARK HILL PLLC
PAOLA M. ARMENI
Nevada Bar No. 8357
Email: parmeni@clarkhill.com
GIA M. MARINA
Nevada Bar No. 15276
Email: gmarina@clarkhill.com
1700 S. Pavilion Center Dr.., #500
Las Vegas, Nevada 89135
Tel:  (702) 862-8300
Fax: (702) 778-9709
*Attorneys for Plaintiffs, Patton Family*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem  TAYLORIA TAYLOR; and AJB, a minor by and through his Guardian Ad Litem TAYLORIA TAYLOR and TAYLORIA TAYLOR  as Co-Special Administrator of the ESTATE OF BRANDON LAVON PATTON, Deceased,<br><br>                              Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC, formerly CORRECTIONS CORPORATION OF AMERICA, a foreign corporation d/b/a Nevada Southern Detention Center; DOE CORECIVIC EMPLOYEES I through XX; DOES I through X; and ROE ENTITIES I through X, inclusive,<br><br>                              Defendants. | CASE NO.: 2:21-cv-02072-JCM-EJY<br><br><br><br><br><br>**PLAINTFFS PATTON FAMILY'S UNOPPOSED[1] MOTION TO EXTEND DISCOVERY DEADLINES (FOURTH REQUEST)** |

Plaintiff, Tayloria Taylor, as Guardian Ad Litem for minors, ATLP and AJB, and as Special Administrator of the Estate of Brandon Lavon Patton, deceased, by and through her counsel, Paola M. Armeni, Esq., and Gia N. Marina, Esq., of the law firm of Clark Hill, PLLC, hereby respectfully submits this Unopposed Motion to Extend Discovery Deadlines to extend the current discovery deadlines for a period of (90) ninety days.

---

[1] On March 29, 2023, Defendant CoreCivic's counsel advised she did not object to Plaintiffs' request for extension of the discovery deadlines but that Plaintiffs needed to file a Motion.

1 of 16

CLARKHILL\K1879\417378\271136755.v2-4/6/23

Plaintiffs have been diligent in prosecuting this case to meet the discovery deadlines entered by this Court but have had to jump through significant hurdles to obtain even the most fundamental discovery. Despite Plaintiffs executing at least ten (10) releases for Defendant to obtain information, much of which Plaintiffs do not believe are relevant for Defendant to defend the claims in this matter, Defendant has consistently taken the position that information sought from Plaintiffs is irrelevant or otherwise objectionable. Indeed, Defendant's position in discovery has necessitated Plaintiffs filing a Motion to Compel [Dkt. 40] which is presently set to be heard by this Court on April 17, 2023.[2] More concerning, as stated in Plaintiffs' Motion, is Defendant's representation in responses that documents are *likely* being withheld. As more fully demonstrated below, Plaintiffs and Defendant have served multiple discovery requests which necessitated multiple meet and confers in an attempt to resolve issues with responses. Part and parcel of multiple issues alleged by Defendant are due to Plaintiffs not having knowledge of information Defendant seeks because Mr. Patton is not alive to assist counsel and thus, necessitates Plaintiffs searching for documents and information, including decades old information.

Plaintiffs also filed a Motion to Recuse Counsel [Dkt. 41] simultaneously with their Motion to Compel, due to learning through discovery that Defendant's lead counsel is a percipient witness to the claims and actions in this lawsuit. There is currently no pending hearing scheduled on this Motion.

Furthermore, issues have arisen in scheduling depositions in this matter. For instance, on January 24, 2023, Plaintiffs' counsel emailed defense counsel regarding setting the depositions of (1) CoreCivic's 30(b)(6) witness; (2) Employee Correctional Officer Sapp; and (3) Employee Nurse Smith.

On February 8, 2023, defense counsel provided two dates of availability for Mr. Sapp – March 6 or March 14. Plaintiffs' counsel agreed to set Mr. Sapp's deposition for March 6, 2023.

On February 8, 2023 Plaintiffs served a deposition notice for CoreCivic's 30(b)(6) person most knowledgeable to take place on March 8, 2023. On February 28, 2023, Defendant requested

---

[2] The outcome of Plaintiffs' Motion to Compel is critical to Plaintiffs' prosecution of this case and if granted, will provide what is expected to be a voluminous amount of documents which further supports the necessity to extend the discovery deadlines.

CLARKHILL\K1879\417378\271136755.v2-4/6/23

a meet and confer prior to moving for a protective order. In its request, Defendant blanketly objected to Plaintiffs' entire notice and advised the deposition would not go forward on March 8, 2023. Plaintiffs' counsel responded that while they disagreed with Defendant's position, they would review the notice in an attempt to narrow it and specify areas of inquiry. Counsel specifically noted "in an attempt to keep discovery moving" they would vacate the deposition and reserve their right to revise the notice should they not get the information they seek from fact witnesses. In the same response, Plaintiffs' counsel requested dates of availability to take the deposition of Employee HSA Holley and Employee (Former) Warden Koehn.

On February 9, 2023, defense counsel provided one date of availability for Ms. Smith – March 1. Plaintiffs' counsel was not available on the date provided and requested additional dates of availability. On March 20, 2023, defense counsel provided a date to depose Ms. Smith *seven dates later* on March 27, 2023. In order to accommodate defense counsel's travel, Plaintiffs' counsel agreed to the proposed date in an effort to keep discovery moving.

On March 9, 2023, defense counsel provided one date of availability for Ms. Holley – March 28. Counsel advised Ms. Smith was available *the same day* – March 28. Due to time limitations, Plaintiffs' counsel would not agree to conduct the depositions on the same day. Defense counsel advised she would obtain different availability for Ms. Smith and to set the deposition of Ms. Holley for March 28.

On March 20, 2023, defense counsel provided a date to depose Ms. Smith *seven days later* on March 27, 2023. In order to accommodate defense counsel's travel, Plaintiffs' counsel agreed to the proposed date in an effort to keep discovery moving.

To note, the deposition of Ms. Holley was set to take place on March 28, 2023. Plaintiffs originally scheduled the deposition to take place beginning at 12:30 p.m. Again, to accommodate defense counsel's travel, Plaintiffs' counsel agreed to defense counsel's proposed change time of 9:00 a.m.

On March 27, 2023, after the conclusion of the deposition of Ms. Smith, defense counsel notified Plaintiffs' counsel that Ms. Holley had a doctor appointment beginning at noon on her scheduled deposition the following day (March 28, 2023) and would need to break at 11:30 a.m. for a lunch hour to accommodate the doctor appointment. Plaintiffs' counsel agreed to the break

CLARKHILL\K1879\417378\271136755.v2-4/6/23

for lunch.

On March 28, 2023, when Ms. Holley appeared for her deposition scheduled for 9:00 a.m., she and defense counsel notified Plaintiffs' counsel that the doctor appointment was actually at 11:00 a.m. and she would need to leave at 10:30 a.m. She further notified counsel she did not know how long the appointment would take, as it was her first scheduled appointment with the doctor's office. The court reporter advised that she had another deposition beginning at 3:00 p.m. Although defense counsel did offer to reschedule travel arrangements, she was scheduled to fly out of Las Vegas at 2:15 p.m. Plaintiffs' counsel would not agree to begin the deposition in-person to pick up at a later date via zoom. Accordingly, the deposition was canceled and must be reset.

Further, Defendant set the deposition of Plaintiff Taylor for March 16, 2023. The day before the deposition, defense counsel notified Plaintiffs' counsel that the deposition would need to be rescheduled due to an illness.

Good cause exists to extend the discovery deadlines and the request for extension is not for purposes of delay or harassment.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT SPECIFYING THE DISCOVERY COMPLETED TO DATE

Plaintiffs filed their Complaint [Dkt. 1] on or about November 18, 2021.

Plaintiffs also filed a Motion to Appoint Guardian/Attorney ad Litem [Dkt. 2] on November 18, 2021, which was granted on April 12, 2022 [Dkt. 23].

Defendant CoreCivic was served on February 1, 2022. [Dkt. 9].

The parties filed a Stipulation to Extend Deadline to Respond to Complaint [Dkt. 11]. Defendant CoreCivic filed a Motion to Dismiss Plaintiffs' Complaint [Dkt. 14] on March 7, 2022.

The parties filed a Stipulation to Extend the Deadline for Plaintiffs' Response to Defendant CoreCivic's Motion to Dismiss Complaint [Dkt. 15].

Plaintiffs filed their Response to Defendant CoreCivic's Motion to Dismiss [Dkt. 17] on April 4, 2022.

The parties filed their Discovery Plan and Scheduling Order [Dkt. 25] on April 22, 2022, which was thereafter granted on April 25, 2022 [Dkt. 26].

Defendant CoreCivic filed its Reply in Support of its Motion to Dismiss on April 25, 2022

CLARKHILL\K1879\417378\271136755.v2-4/6/23

[Dkt. 28].

Plaintiffs and Defendant CoreCivic, Inc. served their initial disclosures on May 16, 2022. Plaintiffs have served their first supplement to disclosures on July 15, 2022, their second supplement to disclosures on October 5, 2022, and their third supplement to disclosures on November 28, 2022.  Defendant CoreCivic served its first supplement to disclosures on September 14, 2022.

On June 8, 2022, Defendant CoreCivic served Plaintiffs with their First Set of Interrogatories, First Set of Requests for Production and First Set of Requests for Admissions. These requests contemplate and include Social Security Administration Consent for Release of Information for ALTP, AJB, Tayloria Taylor and Brandon Patton, HIPPA releases for ALTP, AJB, Tayloria Taylor and Brandon Patton, FERPA releases for AJB and ALTP, Plaintiffs served their responses on July 15, 2022.

On June 28, 2022, Plaintiffs served Defendant CoreCivic with their First Set of Interrogatories, First Set of Requests for Production and First Set of Requests for Admissions. Defendant's responses were served on August 18, 2022.  Responses to these written discovery requests were crucial to Plaintiffs in order to identify the necessary parties to be added to this lawsuit.

On August 5, 2022, Defendant CoreCivic served several subpoena duces tecums for records upon Acorn Hallow Early Learning Center, AmeriTest, Cretive Beginnings Day Care, DNA Diagnostics, Kiddie Korral Child Care, Newkota, Danielle Bloms, and Deja Mathis.   To date, Defendant has only produced subpoenaed documents from Kiddie Korral, Creative Beginnings, and Acorn Hollow.

On August 15, 2022 [Dkt. 33], the Court granted in part and denied in part, Defendant's Motion to Dismiss.  Defendant filed its Answer on August 28, 2022. [Dkt. 34].

On September 8, 2022 Plaintiffs served Defendant with a letter requesting that they supplement its response to Interrogatory No. 5.  Defendant supplemented their responses to Plaintiffs' First Request for Interrogatories and Plaintiffs' First Request for Production of Documents on October 28, 2022.

On September 15, 2022, Plaintiffs served Defendant Core Civic with their Second Set of

CLARKHILL\K1879\417378\271136755.v2-4/6/23

Requests for Interrogatories and Second Set of Request for Production of Documents and Defendant responded on October 28, 2022.

On October 17, 2022 Defendant served Plaintiffs' with a letter regarding deficiencies in their responses to Defendant CoreCivic's First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production of Documents.  Plaintiffs' served their First Supplemental Responses to CoreCivic's First Requests for Production on November 28, 2022 and their Second Supplemental Responses to CoreCivic's First Set of Requests for Production on November 29, 2022.

On December 6, 2022, Defendant CoreCivic served Plaintiffs with a Second Set of Request for Production of Documents and a Second Set of Interrogatories to Plaintiffs.  Plaintiffs' responded on January 5, 2023.

On December 7, 2022, there was a meet and confer on Defendants' discovery responses. The parties could not agree on some discovery disputes and as to others Defendant stated they would review their privilege log and make necessary adjustments.

On December 13, 2022, Defendant CoreCivic served a Notice of Intent to serve subpoenas duces tecum upon Newkota Services and Rentals, LLC; Pizza Hut; First Choice Energy Services, LLC; Dee Jay's QSR of North Dakota, Inc., d/b/a/ Kentucky Fried Chicken; Federal Public Defender, District of Nevada; RARE Hospitality Management, LLC, d/b/a/ Longhorn Steakhouse; and Apple Core Enterprises & Food Management Investors, Inc., d/b/a Applebee's.

On December 21, 2022, Defendant CoreCivic served its Second Supplemental Responses to Plaintiffs' First Set of Request for Production of Documents with a corresponding supplemental privilege log.

On December 23, 2022, Plaintiffs' counsel emailed out of state defense counsel and explained why they believed that the privilege log was again improper.  They requested a meet and confer the following week. A meet and confer was set for January 5, 2023.

On the morning of January 5, 2023, Defendant's counsel emailed Plaintiffs' counsel advising that while they disagree with Plaintiffs' assertions regarding the various privileges, they would agree to produce documents exclusively withheld based on the common interest privilege, patient safety privileges, work-product privilege in part, and documents withheld based on

relevance. Plaintiffs' counsel asked Defendant's counsel to reconsider their position on responses to interrogatories on the same basis (not relevant), as Plaintiffs could take the same position to multiple requests by the Defendant but have chosen to cooperate. Defense counsel advised they will not reconsider their objections to Plaintiffs' discovery requests.

On January 26, 2023, Plaintiffs served their Fourth Supplement to Their Initial Disclosures.

On January 24, 2023, Defendant's served their Third Set of Request for Interrogatories and Third Set of Request for Production of Documents to Plaintiffs.

On January 31, 2023, Plaintiffs served the following responses to Defendant's Written Discovery:  Plaintiffs' Second Supplemental Responses to CoreCivic's First Set of Interrogatories, Plaintiffs' Supplemental Responses to CoreCivic's Second Set of Interrogatories, Plaintiffs' Second Supplemental Responses to CoreCivic's First Set of Request for Production, Plaintiffs' Supplemental Responses to CoreCivic's Second Set of Requests for Production.

On January 31, 2023, Plaintiffs served their Fifth Supplemental Disclosure Statement.

On February 1, 2023, Plaintiffs served their Third Supplemental Responses to CoreCivic's First Set of Requests for Production.

On February 10, 2023, Plaintiffs served their Fourth Request for Production of Documents to Defendant CoreCivic. Defendant served its responses on March 13, 2023.

On February 20, 2023, Plaintiffs served their Fifth Request for Production of Documents to Defendant CoreCivic.  Defendant served its response on March 22, 2023.

On February 22, 2023, Defendant's counsel deposed Plaintiff's witness, Deja Mathis.

On March 2, 2023, Defendant CoreCivic served a Fourth Set of Requests for Production of Documents.  Plaintiffs' responses are due on April 3, 2023.

On March 6, 2023, Plaintiffs' counsel deposed Defendant's witness, Eugene Sapp.

On March 17, 2023, Plaintiffs' counsel issued a Subpoena Duces Tecum to Meta Platforms Inc. / Facebook Entertainment, LLC for the production of Plaintiff's social media records.  The subpoena was served on March 2, 2023, and on April 3, 2023, Plaintiffs' counsel received an objection to the subpoena by attorneys for Meta Platforms.  Counsel for the Plaintiff has requested a meet and confer and is awaiting dates from 3rd party counsel.

On March 17, 2023, Plaintiffs' counsel requested medical records from A.T.L.P.'s treating

provider, Trinity Health, and counseling records at Sunnyside Elementary. Plaintiffs received responses on April 4, 2023 and are currently supplementing their disclosures.

On March 27, 2023, Plaintiffs' counsel deposed Defendant's witness, Rebecca Smith.

On March 28, 2023, Defendant CoreCivic served a Subpoena Duces Tecum upon Grady County Law Enforcement Center, Piedmont Athens Regional, McLean County Sheriff's Office, and Ward County Detention Center.

Plaintiffs currently have the Deposition of Warden B. Koehn set for April 18, 2023 and B. Holley's deposition set for May 26, 2023.

Defendants currently have the Deposition of Minor Child ATLP set for April 26, 2023, the Deposition of Byron Patton set for May 2, 2023, and the Deposition of Tayloria Taylor set for May 12, 2023.

## II.    SPECIFIC DESCRIPTION OF REMAINING DISCOVERY TO BE COMPLETED

Additional time is needed to finish discovery in this case. Presently, the expert disclosure deadline is March 29, 2023 and deadline to add parties is set for April 27, 2023. Plaintiffs' counsel and defense counsel have worked diligently on discovery including propounding and responding to multiple sets of discovery requests. However, in multiple instances, the parties have had to serve letter correspondence followed with meet and confers regarding deficient discovery responses. While the parties have tried to work amicably toward resolution and grant each other time to strategize how to respond to each's requests, both Plaintiffs and Defendant have had to file motions to compel for the Court to weigh in. The Motions are outcome determinative matters which may necessitate additional discovery. Indeed, Plaintiffs have requested, as demonstrated in their Motion to Compel, complaints, kites, grievances, or other memoranda illustrating inmates' and detainees' complaints about COVID-19 at NSDC, to which Plaintiffs believe a plethora exist.

While working through deficiencies in discovery responses, the parties started to begin taking depositions. Currently, Plaintiffs have set the depositions of (Former) Warden B. Koehn and HSA B. Holley. Defendant has set the depositions of Minor Child ATLP, B. Patton and T. Taylor. As stated above, scheduling depositions in this case has caused hurdles in and of itself. Indeed, it was well over one-month before Plaintiffs received an agreeable date to set the

CLARKHILL\K1879\417378\271136755.v2-4/6/23

deposition of R.Smith. And, depending on the information Plaintiffs obtain from the former Warden, Plaintiffs may have to re-serve their aforementioned 30(b)(6) notice on CoreCivic. Given the way the discovery period has progressed in this matter, Plaintiffs fully expect Defendant to object to the notice and file a Motion for Protective Order, only further delaying discovery.

Following the receipt of responses to written discovery, which now necessitates Court intervention, Plaintiffs will review those responses to identify additional areas of inquiry if necessary. While it is not preferable, Plaintiffs have continued forward with the discovery process without this Court's ruling on the various Motions, and began take depositions in an effort to keep discovery moving. Following depositions, both parties should be prepared to explore and retain experts.

### III.    REASONS WHY THE DISCOVERY REMAINING WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE SCHEDULING ORDER

At the outset, the parties have outstanding written discovery in order to identify necessary parties that must be added to this lawsuit. Until those persons have been identified, Plaintiffs cannot set depositions of those persons. As stated above, the parties have made several attempts including multiple letter correspondence and a meeting to resolve outstanding discovery issues. However, the parties have reached an impasse on areas of discovery which necessitate Court intervention. Because Plaintiffs' Motion to Compel asks this Court to compel Defendant to produce what they believe is a *substantial* amount of information being withheld in this matter, Plaintiffs cannot fill in the missing gap in discovery.

Scheduling of depositions has been another hurdle to overcome. As detailed above, not only has it taken substantively over one-month to receive agreeable dates to depose witnesses, one deposition was subsequently canceled the day before the deposition,[3] one deposition canceled the day of the deposition with all parties present, one deposition was canceled due to not being able to serve the witness,[4] and the 30(b)(6) deposition notice was objected to in its entirety.

Further, as stated in the Complaint, the deceased Plaintiff in this action had an extensive

---

[3] Plaintiffs incorporate this for the Court's knowledge. They are not blaming defense counsel for any illness which caused the deposition to be canceled.

[4] Defendant advised it has not been able to serve witness D.Bloms.

9 of 16

medical history. Documentation has been provided but Defendants have requested 10 years of records. Plaintiffs have signed numerous releases to assist the Defendants in getting the documents they are seeking. It will take time for Defendants to receive the documents related to those releases.

Finally, both Plaintiffs and Defendant have recently served *several* subpoenas for production of documents. Indeed, Plaintiffs served a request on the IRS for the decedent's tax records on January 30, 2023, to which Plaintiffs received a rejection response on March 31, 2023. The IRS website itself states it may take up to 75 calendar days to process the request. Understandably, each time Plaintiffs receive documents, they must attempt to work with counsel to verify information they had no previous knowledge of, which sometimes leads to additional requests to other agencies. Further, as recently as March 28, 2023, Defendant served a subpoena upon Grady County Law Enforcement Center, Piedmont Athens Regional, McLean County Sheriff's Office, and Ward County Detention Center.

The extended time will allow additional time for the parties to conduct discovery, including propounding written discovery and scheduling party, third-party and expert depositions. Good cause exists for the requested extension, and therefore, the parties believe their request for an extension should be granted.

### IV.    PROPOSED SCHEDULE FOR COMPLETING DISCOVERY

As addressed above, Defendant CoreCivic does not oppose extending the current discovery deadlines, however, would not stipulate to such. Accordingly, the following schedule is proposed for completing discovery:

Discovery Cut-Off Deadline

The discovery cut-off deadline shall be extended for approximately 90 days from July 26, 2023 to **October 24, 2023**.

Amendments to Pleadings and Adding Parties

Pursuant LR 26-1 (b)(2), the parties shall file motions to amend the pleading and add parties 90 days before the extended discovery cut-off date, and therefore not later than **July 26, 2023.**[5]

---

[5] On January 6, 2023, Plaintiffs filed an Unopposed Motion to Extend Discovery Deadlines [Dkt. 39] which inadvertently left out the deadline to amend and add parties. On January 9, 2023, the

CLARKHILL\K1879\417378\271136755.v2-4/6/23

<u>Expert Disclosures</u>

Pursuant to LR 26-1(b)(3), the Parties shall disclose initial expert reports 60 days before the extended discovery cut-off date, and therefore, not later than **August 25, 2023**.

The Parties shall disclose rebuttal expert reports 45 days after the disclosure of the initial disclosure of experts, and therefore, not later than **October 9, 2023**.

<u>Dispositive Motions Deadline</u>

Pursuant to LR 26-1(b)(4), the Parties shall file dispositive motions 30 days after the extended discovery cut-off date of October 24, 2023, and therefore, not later than **November 27, 2023.**

<u>Pretrial Order</u>

Pursuant to LR 26-1(b)(5), the Parties shall file their joint pretrial order on **December 27, 2023** or approximately 30 days after resolution of dispositive motions.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

---

Court granted Plaintiffs' Unopposed Motion. [Dkt. 42]. On January 23, 2023, Plaintiffs filed an Errata to their Motion to Extend Discovery Deadlines to include the deadline to amend and add parties. [Dkt. 50]. On February 15, 2023, Defendant filed an Objection to Plaintiff's Errata. [Dkt. 57]. The Court has not ruled on the subsequent Errata.

**V.    CONCLUSION**

WHEREFORE, Plaintiffs move this Court for an Order extending the discovery deadlines in order for the parties to adequately complete discovery and retain the appropriate experts.

Dated this 6th day of April 2023.

**CLARK HILL PLLC**

 */s/ Gia N. Marina, Esq.*
Paola M. Armeni, Esq.
Nevada Bar No. 8357
Gia N. Marina, Esq.
Nevada Bar No. 15276
1700 S. Pavilion Center Dr., #500
Las Vegas, Nevada 89135
*Attorneys for Plaintiffs, Patton Family*

**ORDER**

**IT IS SO ORDERED:**

DATED:___April 6, 2023_____

_____
UNITED STATES MAGISTRATE JUDGE

CLARKHILL\K1879\417378\271136755.v2-4/6/23