PAOLA M. ARMENI, ESQ.
Nevada Bar No. 8357
Email: parmeni@clarkhill.com
GIA M. MARINA, ESQ.
Nevada Bar No. 15276
Email: gmarina@clarkhill.com
**Clark Hill PLLC**
1700 S. Pavilion Center Dr., #500
Las Vegas, Nevada 89135
Telephone: (702) 862-8300
Facsimile: (702) 778-9709

*Attorneys for Plaintiffs, Patton Family*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem TAYLORIA TAYLOR; and AJB, a minor by and through his Guardian Ad Litem TAYLORIA TAYLOR and TAYLORIA TAYLOR as Co-Special Administrator of the ESTATE OF BRANDON LAVON PATTON, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC, formerly CORRECTIONS CORPORATION OF AMERICA, a foreign corporation d/b/a Nevada Southern Detention Center; DOE CORECIVIC EMPLOYEES I through XX; DOES I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-02072-JCM-EJY<br><br>**PLAINTFFS PATTON FAMILY'S MOTION TO AMEND COMPLAINT**<br><br>ORAL ARGUMENT REQUESTED |

Plaintiff Tayloria Taylor, as Guardian Ad Litem for minors, ATLP and AJB, and as Special Administrator of the Estate of Brandon Lavon Patton, deceased, by and through her counsel, Paola M. Armeni, Esq., and Gia N. Marina, Esq., of the law firm of Clark Hill PLLC, hereby moves to amend the Complaint [ECF No. 1]. This Motion is made and based upon FRCP 15, LR 7-2, LR 15-1, the following Memorandum of Points and Authorities, the proposed First Amended

Complaint ("FAC") attached hereto as **Exhibit 1**, the pleadings and papers on file herein, and any argument presented at the time of hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL HISTORY

On November 18, 21, Plaintiffs filed the Complaint,[1] which alleged wrongful death, negligence, gross negligence, and negligent training and supervision against Defendant CORECIVIC, INC. On August 15, 2022, the Court issued its Order[2] on CoreCivic's motion to dismiss, denying dismissal as to wrongful death and negligence and granting dismissal as to gross negligence and negligent training and supervision.[3] In dismissing Plaintiffs' negligent training and supervision cause of action, the Court noted that "[t]he complaint never alleges that [CoreCivic] knew or should have known of the employees' conduct, just that the employees' conduct occurred."[4]

On September 7, 2022, the Court granted the Stipulation and Order to Extend Discovery Deadlines (2nd Request)[5] setting a **January 27, 2023**, deadline for amendments to pleadings and adding parties.[6] Plaintiffs Patton Family's Unopposed Motion to Extend Discovery Deadlines (Third Request)[7] filed on **January 6, 2023,**[8] inadvertently did not include a new deadline to amend pleadings and add parties. On January 9, 2023, the Court granted Plaintiffs' Unopposed Motion.[9] Plaintiffs Patton Family's Errata to Their Unopposed Motion to Extend Discovery Deadlines,[10] filed January 23, 2023, includes the inadvertently omitted deadline to amend pleadings and add

---

[1] ECF No. 1.
[2] ECF No. 33.
[3] The Court did not dismiss these claims with prejudice.
[4] *Id*. at p. 7, ll. 2-4.
[5] ECF No. 37.
[6] *Id*. at p. 4, ll. 15-18.
[7] ECF No. 39.
[8] Notably, Plaintiffs moved to extend the deadlines exactly 21 days prior to January 27. Pursuant to LR 26-3, the court must receive a motion to extend a deadline "no later than 21 days before the expiration of the subject deadline." Plaintiffs moved to extend 21 days before the then-existing deadline to amend pleadings and add parties so that they would only have to show good cause, rather than the higher standard of excusable neglect.
[9] ECF No. 42.
[10] ECF No. 50.

parties. CoreCivic's Objection to Plaintiffs' Notice of Errata[11] filed February 15, 2023, argues that the deadline to amend pleadings and add parties is not a *discovery* deadline.

Plaintiffs Patton Family's Unopposed Motion to Extend Discovery Deadlines (Fourth Request) [ECF No. 64], filed on April 6, 2023, proposed that "[p]ursuant LR 26-1 (b)(2), the parties shall file motions to amend the pleading and add parties 90 days before the extended discovery cut-off date, and therefore not later than **July 26, 2023**." *Id*. at p. 10, ll. 26-27. Later on April 6, 2023, the Court granted Plaintiffs' Unopposed Motion [ECF No. 65]. Finally, on July 17, 2023, the parties filed a Stipulation and Order to Extend Discovery Deadlines (Fifth Request).[12] As to amendments to pleadings and adding parties, Plaintiffs proposed a new deadline of September 27, 2023, and CoreCivic took the position that the deadline has already expired.[13] Based on the April 6th Order, this Motion is timely.

## II.     LEGAL ARGUMENT

### A.     Legal Standard for Amended Pleadings

Pursuant to FRCP 15(a)(2), a party may move the court for leave to amend and "[t]he court should freely give leave when justice so requires." Furthermore, the liberal scope embodied in FRCP 15(a) requires courts to err on the side of caution and permit amendments that appear arguable or even borderline, because denial of a proposed pleading amendment amounts to denial of the opportunity to explore any potential merit it might have had.[14]

As such, a motion for leave to amend a pleading is addressed to the sound discretion of the trial court.[15] "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."[16] Courts

---

[11] ECF No. 57.
[12] ECF No. 73.
[13] *Id*. at p. 9, ll. 23-26.
[14] *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (if underlying facts or circumstances relied on by plaintiff may be proper subject of relief, he ought to be afforded opportunity to test his claim on merits and therefore should be permitted to amend complaint) and *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (policy of favoring amendment to pleading should be applied with extreme liberality and amendment of pleading is to be liberally granted where, from underlying facts or circumstances, plaintiff may be able to state a claim).
[15] *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted).
[16] *Id*. (citation omitted).

commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint: (1) bad faith or dilatory motive on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment.[17] Undue delay by itself, however, is insufficient to justify denying a motion to amend.[18] The party opposing the motion for leave to amend a complaint bears the burden of showing prejudice.[19]

### B.     The Court Should Grant Plaintiffs Leave to Amend.

#### 1.     *There is no bad faith or dilatory motive on Plaintiffs' part.*

Plaintiffs have no dilatory motive in seeking leave to amend their Complaint. Through the course of discovery, Plaintiffs were able to ascertain some of the identities of persons previously listed as DOE CoreCivic Employees. Namely, through email communications, responses to discovery and other detainee records produced by NSDC, Plaintiffs gained some clarity into the identity of certain employees that interacted directly or indirectly with Brandon and caused NSDC to not be in compliance with CDC guidelines and recommended practices and protocol to lessen the spread of COVID-19, causing the death of Brandon Patton. As such, Plaintiffs seek to amend their Complaint to join said Defendants in this proceeding.

#### 2.     *There is no undue delay.*

Plaintiffs have not engaged in undue delay in filing the instant Motion to Amend Complaint. Pursuant to Plaintiffs Patton Family's Unopposed Motion to Extend Discovery Deadlines (Fourth Request),[20] filed on April 6, 2023, proposed that "[p]ursuant LR 26-1 (b)(2), the parties shall file motions to amend the pleading and add parties 90 days before the extended discovery cut-off date, and therefore not later than July 26, 2023."[21] As such, Plaintiffs timely file this motion seeking leave to add such parties.

#### 3.     *There is no undue prejudice to CoreCivic.*

---

[17] *Roth v. Marquez,* 942 F.2d 617, 628 (9th Cir.1991) (citing *DCD Programs v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987)).
[18] *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987).
[19] *DCD Programs,* 833 F.2d at 186 (citing *Beeck v. Aquaslide 'N' Dive Corp.,* 562 F.2d 537, 540 (8th Cir.1977)).
[20] ECF No. 64.
[21] *Id.*

Granting Plaintiffs leave to amend their Complaint will not cause prejudice to the opposing party. Since the inception of this case, Defendant CoreCivic has been aware that Plaintiffs would likely amend the complaint to replace DOE CoreCivic Employees I through XX. Indeed, Defendant previously attempted to dismiss Plaintiffs' use of DOE CoreCivic Employees I-XX in its Motion to Dismiss filed on March 7, 2022.[22] However, Plaintiffs argued that in certain circumstances, such as here, where the true Plaintiff is dead and identities of certain persons are unknown, the use of DOE in place of ones true name is proper so Plaintiffs could learn the true identities during discovery.[23] The Court agreed and declined to dismiss DOE CoreCivic Employees.[24] Further, the parties recently appeared at a hearing, on July 24, 2023, specifically regarding whether the parties agreed to extend the add/amend date, which it did not. Thus, it should be no surprise to Defendant that Plaintiffs now seek to amend their complaint with the true identifies of CoreCivic employees to which the factual averments tie. Finally, as the discovery cutoff deadline is not until December 26, 2023, Defendant will not be prejudiced as there is ample time to coordinate any defensive discovery it needs.

Plaintiffs seek to add parties that were previously disclosed as "witnesses" in Defendant's disclosures, care of counsel. As such, counsel should be able to contact each of the following people Plaintiffs seek to join in this lawsuit:

1. Rebecca Smith, RN, Clinical Nurse Supervisor;
2. Bonnie Holley, Health Services Administrator;
3. Eugene Sapp, Chief of Unit Manager;
4. Brian Koehn, Warden of NSDC; and
5. Keith Ivens, MD, Chief Medical Officer and President of Correctional Medicine Associates, PC.

---

[22] *See* ECF No. 14, at 12-13.
[23] *See* ECF No. 17.
[24] *See* ECF No. 33 ("However, there are factual allegations against 'Doe CCI Employees I through V.' (*See, e.g.,* ECF No. 1 ¶¶ 39–40). Because discovery could uncover these defendants' identities, the court declines CCI's request to also dismiss these fictitious defendants.").

Because these witnesses have been identified by CoreCivic as having knowledge to the facts and circumstances of this case, and each witness is listed in care of counsel, the addition of these parties will not cause prejudice to the Defendant.

Further, Defendants seek to include one additional claim, a claim for negligent training and supervision, which also should not be a surprise to Defendant, because the claim was included in Plaintiffs' original Complaint.[25] At the time of filing the Complaint, as previously stated, Plaintiffs were unaware of identifies of certain CoreCivic Employees that played an integral role in the wrongful death of Brandon Patton. Defendant moved to Dismiss Plaintiffs' Complaint.[26] While the Court agreed that Plaintiffs' Complaint alleged that NSDC employees acted wrongfully by failing to take appropriate COVID precautions, failing to provide Patton with his medications and denying him air-conditioning while being housed in solitary confinement, it noted that "[t]he complaint never alleges that [CoreCivic] knew or should have known of the employees' conduct, just that the employees' conduct occurred."[27] Based on the testimony of La Ron Williams, who was detained at the same time as Brandon Patton and also labeled as "high-risk," it is clear that CoreCivic knew, or certainly should have known, that detainees were complaining about the conditions occurring at NSDC, including allegations contained in Plaintiffs' Complaint. Accordingly, because the claim was not dismissed with prejudice, Plaintiffs move to amend their Complaint to add this claim, as it is now properly plead.

   *4.    The proposed Amendment is not futile.*

Finally, the proposed amendment of the Complaint is not futile. Indeed, each of the above-referenced people played an integral role in the subject incident and were only originally left out of the Complaint and listed as DOE CoreCivic Employees because Plaintiffs were unaware of each's identity. Further, addition of a claim for negligent training and supervision is not futile, as the Court previously agreed that Plaintiffs had alleged the right facts, but had not alleged that CoreCivic had knowledge of their employees' conduct. This is further demonstrated in Plaintiffs' proposed First Amended Complaint, attached hereto as Exhibit 1, pursuant to Local Rule 15-1.[28]

---

[25] *See* ECF No. 1.
[26] *See* ECF No. 14.
[27] *Id.* at p. 7, ll. 2-4.
[28] [T]he moving party must attach the proposed amended pleading to a motion seeking leave of

### III. CONCLUSION

Based on the foregoing, the Court should grant Plaintiffs leave to amend the Complaint and file the FAC attached hereto for the purpose of adding Smith, Holley, Sapp, Koehn, and Ivens as Defendants and pleading the claim of negligent supervision and training.

DATED this 26th day of July 2023.

**CLARK HILL PLLC**

By  */s/ Paola M. Armeni, Esq.*
PAOLA M. ARMENI, ESQ.
Nevada Bar No. 8537
GIA M. MARINA, ESQ.
Nevada Bar No. 15276
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135

Attorneys for Plaintiffs, Patton Family

---

the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. Local Rules of Practice, United States District Court – District of Nevada, Rule 15-1.

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 27th day of July 2023, I caused a true and correct copy of the above and to be served via the Court's CM/ECF system, on all parties currently on the electronic service list.

                     /s/ Tanya Bain
                     An Employee of Clark Hill, PLLC