Ashlee B. Hesman
Nevada Bar No. 012740
Kristina R. Rood
Arizona Bar No. 035097 (admitted pro hac vice)
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
ahesman@strucklove.com
krood@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Tel.: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Attorneys for Defendant CoreCivic*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem Tayloria Taylor; and AJB, a minor, by and through his Guardian Ad Litem Tayloria Taylor, and Tayloria Taylor as Co-Special Administrator of the Estate of Brandon Lavon Patton, Deceased,<br><br>                                   Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., formerly Corrections Corporation of America, a foreign corporation d/b/a Nevada Southern Detention Center; Doe CoreCivic Employees I through XX; Does I through X; and Roe Entities I through X, inclusive,<br><br>                                   Defendants. | Case No. 2:21-cv-02072-JCM-EJY<br><br><br>**STIPULATION TO EXTEND UNEXPIRED CASE MANAGEMENT DEADLINES**<br><br>**(Second Request)[1]** |

        Plaintiffs, Tayloria Taylor, as Co-Special Administrator of the Estate of Brandon

---

        [1] This is Defendant's second request to extend case management deadlines. (Dkt. 36.) All other requests were sought via motion by Plaintiffs. (Dkts. 29, 39, 64, 71.)

Patton, ATLP, and AJB (collectively, "Plaintiffs"), and Defendant, CoreCivic, Inc. ("Defendant"), stipulate to extend all unexpired case management deadlines—i.e., discovery cut off, expert disclosures, dispositive motions, and pretrial order—by 30 days. Good cause exists to extend these deadlines, as the parties have diligently pursued discovery but require additional time to resolve outstanding discovery prior to expert disclosures and dispositive motions. For the following reasons, the parties respectfully request that the Court approve their Stipulation to extend all unexpired deadlines.

## I.       Relevant Procedural History

Plaintiffs filed their Complaint on November 18, 2021. (Dkt. 1.) Defendant filed a Motion to Dismiss Plaintiffs' Complaint on March 7, 2022, and Plaintiffs filed their Response on April 4, 2022. (Dkts. 14, 17.) Defendant filed its Reply in Support of Motion to Dismiss on April 25, 2022. (Dkt. 28.) On August 15, 2022, the Court granted in part and denied in part, Defendant's Motion to Dismiss. (Dkt. 33.) Defendant filed its Answer on August 28, 2022. (Dkt. 34.)

The parties filed their Discovery Plan and Scheduling Order on April 22, 2022, which was thereafter granted on April 25, 2022. (Dkts. 25, 26.) Plaintiffs and Defendant served their initial disclosures on May 16, 2022.

On June 8, 2022, Defendant served its First Set of Interrogatories, Requests for Production, and Requests for Admissions on Plaintiffs. On June 28, 2022, Plaintiffs served their First Set of Interrogatories, Requests for Production, and Requests for Admissions on Defendant. Defendant served its responses on August 18, 2022. On September 15, 2022, Plaintiffs served Defendant with their Second Set of Interrogatories and Request for Production of Documents, and Defendant responded on October 28, 2022. On December 6, 2022, Defendant served Plaintiffs with a Second Set of Request for Production of Documents and a Second Set of Interrogatories. Plaintiffs responded on January 5, 2023. On January 24, 2023, Defendant's served their Third Set of Request for Interrogatories and Third Set of Request for Production of Documents to Plaintiffs.

On February 10, 2023, Plaintiffs served their Fourth Request for Production of Documents to Defendant, and Defendant served its responses on March 13, 2023. On February 20, 2023, Plaintiffs served their Fifth Request for Production of Documents to Defendant, and Defendant served its response on March 22, 2023. On March 2, 2023, Defendant served a Fourth Set of Requests for Production of Documents. Plaintiffs' responses were due on April 3, 2023. On April 12, 2023, Defendant served its Fifth Set of Requests for Production of Documents to Plaintiffs. On May 12, 2023, Plaintiffs served their responses. On May 1, 2023, Plaintiffs served their Sixth Set of Requests for Production of Documents to Defendant. On May 31, 2023, Defendant served its responses. On June 14, 2023, Defendant served its Sixth Set of Requests for Production of Documents to Plaintiffs, and Plaintiffs responded on July 14, 2023.

On July 5, 2023, Plaintiffs filed their Motion to Extend Discovery Deadlines (Fifth Request), which the Court denied and ordered the parties to meet and confer on proposed extended deadlines (Dkts. 71, 72.) The parties filed a stipulation to extend deadlines on July 17, 2023, which the Court granted except as to Plaintiffs' request to extend the deadline to amend pleadings and add parties. (Dkts. 73, 76.)

On July 21, 2023, Defendant served its Fourth Set of Interrogatories to Plaintiffs, and Plaintiffs responded on August 21, 2023. Defense counsel requested to meet and confer with Plaintiffs' counsel that same day on August 21, 2023. (Dkt. 83 at 5.) The parties met and conferred on August 24, 2023. (*Id.*) Defendant thereafter filed a Motion to Compel on September 15, 2023. (*Id.*) Plaintiffs responded on September 29, 2023, and Defendant filed its Reply on October 6, 2023. (Dkts. 84, 85.) That Motion is still pending before the Court.

Plaintiffs filed a Motion to Amend Complaint on July 26, 2023, Defendant filed its Response on August 16, 2023, and Plaintiffs filed their Reply on September 7, 2023. (Dkts. 77, 80, 82.) That Motion is still pending before the Court.

On September 1, 2023, Plaintiffs served their Seventh Set of Requests for Production of Documents to Defendant, and Defendant responded on October 2, 2023. On September 5,

2023, Plaintiffs served their Eighth Set of Requests for Production of Documents to Defendant, and Defendant responded on October 5, 2023. On September 25, 2023, Plaintiffs served their Ninth Set of Requests for Production of Documents to Defendant, requesting that Defendant respond to Request for Production Nos. 96 through 113. Defendant's responses are due October 25, 2023. On October 9, 2023, Plaintiffs served their Tenth Set of Requests for Production of Documents to Defendant, requesting that Defendant respond to Request for Production Nos. 114 through 122. Defendant's responses are due November 9, 2023.

During the course of this litigation, Plaintiffs deposed Eugene Sapp, Rebecca Smith, Warden Koehn, LaRon Williams, Bonnie Holley, Justin Tripp, Maleita Lindamood, and Sean Kutz; and Defendant deposed Deja Mathis, ALTP, Byron Patton, Tayloria Taylor, and Danielle Bloms.

Currently, the deadline for expert disclosures is October 27, 2023, rebuttal expert disclosures is December 11, 2023, discovery is December 26, 2023, dispositive motions is January 25, 2024, and a pretrial order is February 26, 2024. The parties now respectfully request to briefly extend those deadlines.

**II.   Good Cause Exists to Extend All Unexpired Case Management Deadlines.**

After a district court has filed a pretrial case management schedule pursuant to Rule 16, establishing a timetable for amending pleadings, Rule 16 standards control any modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Pursuant to Rule 16, a case management schedule shall not be modified except by leave of court upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); *see also* LR 26-3 ("A request made within 21 days of the subject deadline must be supported by a showing of good cause."). The "good cause standard primarily considers the diligence of the party seeking the amendment." *See Johnson*, 975 F.2d at 609 (internal quotations omitted). "If that party was not diligent, the inquiry should end." *Id.*

Good cause exists to extend all unexpired deadlines—i.e., the deadlines to file discovery dispute and dispositive motions—because the parties have diligently pursued

discovery throughout the course of this litigation. The parties have propounded numerous sets of discovery, and discovery is still outstanding, as the deadline for Defendants to respond to Plaintiffs' ninth set of discovery is October 25, 2023 and Plaintiffs' tenth set of discovery is November 9, 2023. Defendant is actively working to prepare its responses and obtain documents responsive to the above-mentioned sets of discovery. However, considering the deadline to respond to Plaintiffs' tenth set of discovery falls after the deadline for the parties' expert disclosures, the parties require additional time to resolve all outstanding discovery prior to serving expert disclosures.

Further, Plaintiffs moved to amend their Complaint on July 26, 2023, requesting to add former Warden Koehn, former Health Services Administrator ("HSA") Holley, former Chief of Unit Management ("COUM") Sapp, Registered Nurse ("RN") Smith, and Dr. Keith Ivens as Defendants and a negligent training and supervision claim. (Dkt. 77 at 5.) Defendant also moved to compel Plaintiffs to identify the basis of their negligence/wrongful death claim on September 15, 2023. Both of these Motions are still pending before the Court. (Dkt. 83.)

Based on the above, good cause exists to extend all unexpired case management deadlines, as the parties cannot feasibly disclose expert reports with discovery issues still outstanding. The parties also cannot disclose expert reports and prepare dispositive motions without reviewing all discovery that has been disclosed (and yet to be disclosed) in this case. Nor can they disclose expert reports and prepare dispositive motions without knowing all causes of action at play. Extending these deadlines will preserve resources and promote judicial economy, as it will allow the parties to serve expert disclosures and file dispositive motions on all claims at issue at one time.

**III.   Conclusion**

For the foregoing reasons, the parties respectfully request that the Court approve their Stipulation to extend the following deadlines by 30 days:

- Expert disclosures:               November 27, 2023
- Rebuttal expert disclosures:   January 11, 2024

- Discovery cut-off:            January 26, 2024

- Dispositive motions:        ~~February 25, 2024~~  **February 26, 2024**

- Pretrial order:                March 26, 2024

DATED this 16th day of October 2023.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Kristina R. Rood
   Ashlee B. Hesman
   Kristina R. Rood
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226
   ahesman@strucklove.com
   krood@strucklove.com

   Gina G. Winspear
   DENNETT WINSPEAR
   3301 North Buffalo Dr., Suite 195
   Las Vegas, NV 89129
   GWinspear@dennettwinspear.com
   *Attorneys for Defendant CoreCivic*

CLARK HILL, PLLC

By /s/ Paola M. Armeni *(with permission)*
   Paola M. Armeni
   Gia N. Marina
   1700 S. Pavilion Center Dr., #500
   Las Vegas, NV 89135
   *Attorneys for Plaintiff*

**IT IS SO ORDERED**:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: **October 17, 2023**

6