Ashlee B. Hesman
Nevada Bar No. 012740
Kristina R. Rood
Arizona Bar No. 035097 (admitted pro hac vice)
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
ahesman@strucklove.com
krood@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Tel.: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Attorneys for Defendant CoreCivic*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem Tayloria Taylor; and AJB, a minor, by and through his Guardian Ad Litem Tayloria Taylor, and Tayloria Taylor as Co-Special Administrator of the Estate of Brandon Lavon Patton, Deceased,<br><br>                    Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., formerly Corrections Corporation of America, a foreign corporation d/b/a Nevada Southern Detention Center; Doe CoreCivic Employees I through XX; Does I through X; and Roe Entities I through X, inclusive,<br><br>                    Defendants. | Case No. 2:21-cv-02072-JCM-EJY<br><br><br>**STIPULATION TO EXTEND DISPOSITIVE MOTIONS DEADLINE**<br><br>**(First Request)[1]** |

Plaintiffs, Tayloria Taylor, as Co-Special Administrator of the Estate of Brandon

---

[1] This is the parties' first request to extend the dispositive motions deadline, specifically. The parties, however, have previously requested that the Court extend case management deadlines six times. (Dkts. 29, 39, 64, 71, 86.)

Patton, ATLP, and AJB (collectively, "Plaintiffs"), and Defendant, CoreCivic, Inc. ("Defendant"), stipulate to extend the dispositive motions deadline by 60 days. For the following reasons, the parties respectfully request that the Court approve their Stipulation to extend the dispositive motion deadline.

**I.      Relevant Procedural History**

Plaintiffs filed their Complaint on November 18, 2021. (Dkt. 1.) Defendant filed a Motion to Dismiss Plaintiffs' Complaint on March 7, 2022, and Plaintiffs filed their Response on April 4, 2022. (Dkts. 14; 17.) Defendant filed its Reply in Support of Motion to Dismiss on April 25, 2022. (Dkt. 28.) On August 15, 2022, the Court granted in part and denied in part, Defendant's Motion to Dismiss. (Dkt. 33.) Defendant filed its Answer on August 28, 2022. (Dkt. 34.)

The parties filed their Discovery Plan and Scheduling Order on April 22, 2022, which was thereafter granted on April 25, 2022. (Dkts. 25; 26.) Plaintiffs and Defendant served their initial disclosures on May 16, 2022.

On June 8, 2022, Defendant served its First Set of Interrogatories, Requests for Production, and Requests for Admissions on Plaintiffs. On June 28, 2022, Plaintiffs served their First Set of Interrogatories, Requests for Production, and Requests for Admissions on Defendant. Defendant served its responses on August 18, 2022. On September 15, 2022, Plaintiffs served Defendant with their Second Set of Interrogatories and Request for Production of Documents, and Defendant responded on October 28, 2022. On December 6, 2022, Defendant served Plaintiffs with a Second Set of Request for Production of Documents and a Second Set of Interrogatories. Plaintiffs responded on January 5, 2023. On January 24, 2023, Defendant's served their Third Set of Request for Interrogatories and Third Set of Request for Production of Documents to Plaintiffs.

On February 10, 2023, Plaintiffs served their Fourth Request for Production of Documents to Defendant, and Defendant served its responses on March 13, 2023. On February 20, 2023, Plaintiffs served their Fifth Request for Production of Documents to

Defendant, and Defendant served its response on March 22, 2023. On March 2, 2023, Defendant served a Fourth Set of Requests for Production of Documents. Plaintiffs' responses were due on April 3, 2023. On April 12, 2023, Defendant served its Fifth Set of Requests for Production of Documents to Plaintiffs. On May 12, 2023, Plaintiffs served their responses. On May 1, 2023, Plaintiffs served their Sixth Set of Requests for Production of Documents to Defendant. On May 31, 2023, Defendant served its responses. On June 14, 2023, Defendant served its Sixth Set of Requests for Production of Documents to Plaintiffs, and Plaintiffs responded on July 14, 2023.

On July 5, 2023, Plaintiffs filed their Motion to Extend Discovery Deadlines (Fifth Request), which the Court denied and ordered the parties to meet and confer on proposed extended deadlines (Dkts. 71; 72.) The parties filed a stipulation to extend deadlines on July 17, 2023, which the Court granted except as to Plaintiffs' request to extend the deadline to amend pleadings and add parties. (Dkts. 73; 76.)

On July 21, 2023, Defendant served its Fourth Set of Interrogatories to Plaintiffs, and Plaintiffs responded on August 21, 2023. Defense counsel requested to meet and confer with Plaintiffs' counsel that same day on August 21, 2023. (Dkt. 83 at 5.) The parties met and conferred on August 24, 2023. (*Id.*) Defendant thereafter filed a Motion to Compel on September 15, 2023. (*Id.*) Plaintiffs responded on September 29, 2023, and Defendant filed its Reply on October 6, 2023. (Dkts. 84; 85.)

Plaintiffs filed a Motion to Amend Complaint on July 26, 2023, Defendant filed its Response on August 16, 2023, and Plaintiffs filed their Reply on September 7, 2023. (Dkts. 77, 80, 82.)

On September 1, 2023, Plaintiffs served their Seventh Set of Requests for Production of Documents to Defendant, and Defendant responded on October 2, 2023. On September 5, 2023, Plaintiffs served their Eighth Set of Requests for Production of Documents to Defendant, and Defendant responded on October 5, 2023. On September 25, 2023, Plaintiffs served their Ninth Set of Requests for Production of Documents to Defendant, requesting that

3

Defendant respond to Request for Production Nos. 96 through 113. Defendant's responses are due October 25, 2023. On October 9, 2023, Plaintiffs served their Tenth Set of Requests for Production of Documents to Defendant, requesting that Defendant respond to Request for Production Nos. 114 through 122. Defendant responded on November 8, 2023.

The parties stipulated to extend all unexpired case management deadlines on October 17, 2023, which the Court granted. (Dkt. 87.) As a result, the parties made their respective expert disclosures on October 27, 2023, and Defendant made its rebuttal expert disclosure on January 11, 2024.

On December 5, 2023, Magistrate Judge Youchah issued a Report and Recommendation ("R&R"), recommending that the Court deny Plaintiffs' Motion to Amend Complaint. (Dkt. 89.) Plaintiffs filed their Objections to the R&R on December 19, 2023, objecting to Magistrate Judge Youchah's recommendation that they failed to state a claim against Warden Koehn, HSA Holley, COUM Sapp, RN Smith, and Dr. Ivens for wrongful death/negligence and that Defendant met its burden of showing undue delay and prejudice. (Dkt. 91 at 2–13.) Defendant filed its Response to Plaintiffs' Objections on January 23, 2024. (Dkt. 94.) Those briefings are pending before the Court.

The deadline to conduct discovery expired on January 26, 2024. (*Id.* at 6.) Currently, the deadline to file dispositive motions is February 26, 2024, and the deadline to file a pretrial order is March 26, 2024.

## II.   Good Cause Exists to Extend the Dispositive Motions Deadline.

"A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the [C]ourt no later than 21 days before the expiration of the subject deadline." LR 26-3. After a district court has filed a pretrial case management schedule pursuant to Rule 16, Rule 16 standards control any modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Pursuant to Rule 16, a case management schedule shall not be modified except by leave of court upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). The "good cause standard primarily considers the diligence of the party seeking the

amendment." *See Johnson*, 975 F.2d at 609 (internal quotations omitted). "If that party was not diligent, the inquiry should end." *Id.*

Good cause exists to extend the dispositive motions deadline. On July 26, 2023, Plaintiffs moved to amend their Complaint to add a negligent training and supervision claim and Warden Koehn, HSA Holley, COUM Sapp, RN Smith, and Dr. Ivens as Defendants. (Dkt. 77.) Magistrate Judge Youchah issued an R&R on December 5, 2023, recommending that the Court deny Plaintiff's Motion. (Dkt. 89.) Plaintiffs objected to the R&R, and Defendant filed a Response. (Dkts. 91; 94.) Magistrate Judge Youchah's R&R, Plaintiffs' Objections, and Defendant's Response are still pending before the Court. The Court's ruling on these briefings could alter the cause(s) of action and Defendant(s) at play in this matter, as rejecting the R&R (and allowing Plaintiffs to amend their Complaint) would add five new Defendants and one new cause of action. The parties cannot feasibly prepare dispositive motions without knowing all cause(s) of action and Defendant(s) at play. Extending the dispositive motions deadline will therefore preserve resources and promote judicial economy, as it will allow the parties and the Court to be on the same page as to all claim(s) and Defendant(s) at issue and allow the parties to file dispositive motions on all claim(s) and Defendant(s) at one time.[2]

**III.    Conclusion**

For the foregoing reasons, the parties respectfully request that the Court approve their Stipulation to extend the following deadlines by 60 days:

- Dispositive motions:          April 26, 2024
- Pretrial order:                    May 27, 2024

---

[2] Because extending the dispositive motions deadline would affect the pretrial order deadline, the parties also request that the Court extend that deadline by a commensurate length of time.

5

DATED this 1st day of February 2024.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Kristina R. Rood
    Ashlee B. Hesman
    Kristina R. Rood
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226
    ahesman@strucklove.com
    krood@strucklove.com

    Gina G. Winspear
    DENNETT WINSPEAR
    3301 North Buffalo Dr., Suite 195
    Las Vegas, NV 89129
    GWinspear@dennettwinspear.com
    *Attorneys for Defendant CoreCivic*

CLARK HILL, PLLC

By /s/ Paola M. Armeni
    Paola M. Armeni
    Gia N. Marina
    1700 S. Pavilion Center Dr., #500
    Las Vegas, NV 89135
    *Attorneys for Plaintiff*

**IT IS SO ORDERED**:

UNITED STATES MAGISTRATE JUDGE

DATED:  February 2, 2024