Ashlee B. Hesman
Nevada Bar No. 012740
Kristina R. Rood
Arizona Bar No. 035097 (admitted pro hac vice)
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
ahesman@strucklove.com
krood@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Tel.: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Attorneys for Defendant CoreCivic*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem Tayloria Taylor; and AJB, a minor, by and through his Guardian Ad Litem Tayloria Taylor, and Tayloria Taylor as Co-Special Administrator of the Estate of Brandon Lavon Patton, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., formerly Corrections Corporation of America, a foreign corporation d/b/a Nevada Southern Detention Center; Doe CoreCivic Employees I through XX; Does I through X; and Roe Entities I through X, inclusive,<br><br>Defendants. | Case No. 2:21-cv-02072-JCM-EJY<br><br>**STIPULATION TO EXTEND DISPOSITIVE MOTIONS DEADLINE**<br><br>**(Second Request)[1]** |

Plaintiffs, Tayloria Taylor, as Co-Special Administrator of the Estate of Brandon

---

[1] This is the parties' second request to extend the dispositive motions deadline, specifically. The parties, however, have previously requested that the Court extend case management deadlines seven times. (Dkts. 29, 39, 64, 71, 86, 95.)

Patton, ATLP, and AJB (collectively, "Plaintiffs"), and Defendant, CoreCivic, Inc. ("Defendant"), stipulate to extend the dispositive motions until 45 days after the Court rules on Defendant's Motion for Judgment on the Pleadings. For the following reasons, the parties respectfully request that the Court approve their Stipulation to extend the dispositive motions deadline.

## I.    Relevant Procedural History

Plaintiffs filed their Complaint on November 18, 2021. (Dkt. 1.) Defendant filed a Motion to Dismiss Plaintiffs' Complaint on March 7, 2022, and Plaintiffs filed their Response on April 4, 2022. (Dkts. 14; 17.) Defendant filed its Reply in Support of Motion to Dismiss on April 25, 2022. (Dkt. 28.) On August 15, 2022, the Court granted in part and denied in part, Defendant's Motion to Dismiss. (Dkt. 33.) The Court found Plaintiffs stated a claim for relief as to their wrongful death/negligence claims and dismissed Plaintiffs' gross negligence and negligent training and supervision claims. (*Id.* at 5–7.) Defendant filed its Answer on August 28, 2022. (Dkt. 34.)

On July 21, 2023, Defendant served its Fourth Set of Interrogatories. Specifically, Defendant propounded Interrogatory No. 25, requesting that Plaintiffs "[i]dentify in detail the nature and basis of Plaintiffs' claim against CoreCivic as described in Plaintiffs' Complaint. … In doing so, cite the applicable legal authority Plaintiffs contend supports their claim." (Dkt. 83 at 3.) Plaintiffs responded, among other things, that they "do not set forth a single claim per se, but rather allege four distinct causes of action in their Complaint [ECF No. 1] – i.e., wrongful death, negligence, gross negligence, and negligent training and supervision." (*Id.* at 4.) Defense counsel requested to meet and confer with Plaintiffs' counsel that same day on August 21, 2023. (Dkt. 83 at 5.) The parties met and conferred on August 24, 2023. (*Id.*) Defendant moved to compel Plaintiffs' response to Interrogatory No. 25, and the Court denied Defendant's Motion. (*See generally id.*; Dkt. 90.) The Court did, however, advise that the issue was appropriate for a dispositive motion.

Plaintiffs filed a Motion to Amend Complaint on July 26, 2023, Defendant filed its Response on August 16, 2023, and Plaintiffs filed their Reply on September 7, 2023. (Dkts. 77, 80, 82.)

On December 5, 2023, Magistrate Judge Youchah issued a Report and Recommendation ("R&R"), recommending that the Court deny Plaintiffs' Motion to Amend Complaint. (Dkt. 89.) Plaintiffs filed their Objections to the R&R on December 19, 2023, objecting to Magistrate Judge Youchah's recommendation that they failed to state a claim against Warden Koehn, HSA Holley, COUM Sapp, RN Smith, and Dr. Ivens for wrongful death/negligence and that Defendant met its burden of showing undue delay and prejudice. (Dkt. 91 at 2–13.) Defendant filed its Response to Plaintiffs' Objections on January 23, 2024. (Dkt. 94.) The Court adopted Magistrate Judge Youchah's R&R on March 11, 2024.

On February 16, 2024, Defendant filed a Motion for Judgment on the Pleadings, Plaintiffs responded on March 8, 2024, and Defendant filed its Reply on April 2, 2024. (Dkts. 97; 100; 104.) That Motion is currently pending before the Court.

Currently, the deadline to file dispositive motions is April 26, 2024, and the deadline to file a pretrial order is May 27, 2024. (Dkt. 96 at 6.)

## II.   Good Cause Exists to Extend the Dispositive Motions Deadline.

"A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the [C]ourt no later than 21 days before the expiration of the subject deadline." LR 26-3. "A request made within 21 days of the subject deadline must be supported by a showing of good cause." *Id.*

After a district court has filed a pretrial case management schedule pursuant to Rule 16, Rule 16 standards control any modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Pursuant to Rule 16, a case management schedule shall not be modified except by leave of court upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). The "good cause standard primarily considers the diligence of the party seeking the

amendment." *See Johnson*, 975 F.2d at 609 (internal quotations omitted). "If that party was not diligent, the inquiry should end." *Id.*

Good cause exists to extend the dispositive motions deadline. On February 16, 2024, Defendant filed a Motion for Judgment on the Pleadings to determine the remaining cause of action(s) against it. (Dkt. 97.) Specifically, it requested that the Court find that Plaintiffs did not plead a direct liability corporate wrongful death/negligence claim, and, even if they did, they cannot bring such a claim. (*Id.* at 6–10.) Plaintiffs filed a Response in opposition, maintaining that they pled a direct liability corporate wrongful death/negligence claim and can bring such a claim under Nevada law. (Dkt. 100 at 9–18.) At bottom, there is a clear dispute as to the remaining cause of action(s) against Defendant that will affect how the parties prepare and brief dispositive motions. Moreover, to the extent Defendant briefs its dispositive motion based on its position that Plaintiffs' claim is limited to respondeat superior liability, and to the extent the Court denies Defendants' Motion for Judgment on the Pleadings and finds a direct liability claim exists, Defendant will be prejudiced as it will have been unable to brief a dispositive motion on any direct liability claim. The parties therefore cannot feasibly prepare dispositive motions without knowing all cause(s) of action at play. Extending the dispositive motions deadline will preserve resources and promote judicial economy, as it will allow the parties and the Court to be on the same page as to all claim(s) at issue and allow the parties to file dispositive motions on all claim(s) at one time.[2]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Because extending the dispositive motions deadline would affect the pretrial order deadline, the parties also request that the Court extend that deadline by a commensurate length of time.

4

**III.    Conclusion**

For the foregoing reasons, the parties respectfully request that the Court approve their Stipulation and extend the dispositive motions deadline until 45 days after the Court rules on Defendant's Motion for Judgment on the Pleadings.

DATED this 9th day of April, 2024.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Kristina R. Rood
Ashlee B. Hesman
Kristina R. Rood
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
ahesman@strucklove.com
krood@strucklove.com

Gina G. Winspear
DENNETT WINSPEAR
3301 North Buffalo Dr., Suite 195
Las Vegas, NV 89129
GWinspear@dennettwinspear.com
*Attorneys for Defendant CoreCivic*

CLARK HILL, PLLC

By /s/ Paola M. Armeni
Paola M. Armeni
Gia N. Marina
1700 S. Pavilion Center Dr., #500
Las Vegas, NV 89135
*Attorneys for Plaintiff*


**IT IS SO ORDERED**:

UNITED STATES MAGISTRATE JUDGE

DATED:  April 9, 2024

5