# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem TAYLORIA TAYLOR, et al., | Case No. 2:21-CV-2072 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CORECIVIC, INC., | |
| Defendant(s). | |

Presently before the court is defendant CoreCivic, Inc. ("CoreCivic")'s motion for judgment on the pleadings. (ECF No. 97). Plaintiff Tayloria Taylor ("Taylor"), as co-special administrator of the estate of Brandon Patton ("Patton") and as guardian *ad litem* for minor plaintiffs ATLP and AJP, filed a response (ECF No. 100), to which CoreCivic replied (ECF No. 104).

## I.    Background

This case arises from Patton's death while detained at the Nevada Southern Detention Center ("NSDC") during the COVID-19 pandemic. (ECF No. 1 at 4). During Patton's detention, the World Health Organization officially declared the outbreak of COVID-19 a pandemic, and the Centers for Disease Control and Prevention stated that individuals with heart, lung, and kidney diseases were at higher risk of serious COVID-19 illness, which could result in death. (*Id.* at 5–6). Plaintiffs' complaint alleges that CoreCivic, the operator of NSDC, failed to provide adequate protection against COVID-19 infections inside NSDC. (*Id.* at 6–7).

**James C. Mahan**
**U.S. District Judge**

Specifically, plaintiffs allege that upon Patton's arrival at NSDC, officials documented that Patton suffered from several medical conditions, including hypertension, asthma, obesity, and kidney disease, amongst others. (*Id.* at 4–5). Then, despite knowledge that Patton was at "high-risk" for severe COVID-19 infection, CoreCivic placed him in the general population of the prison, failed to follow policies to prevent COVID-19 infection, and maintained a "cavalier" attitude toward those policies. (*Id.* at 6–7). Plaintiffs also claim that when Patton was placed in solitary confinement to protect against COVID-19 infection, prison staff turned off the air conditioning in the unit in retribution. (*Id.* at 5–7).

Approximately a month after being placed in solitary confinement, Patton fell ill with COVID-19. (*Id.* at 8). After a thirteen-day hospitalization, Patton died from COVID-19 complications. (*Id.*). Plaintiffs brought this action against CoreCivic. Taylor initially alleged claims for wrongful death, negligence, gross negligence, and negligent training and supervision, and the minor plaintiffs joined in all her claims except for the claim for negligence. (*Id.*).

CoreCivic moved to dismiss plaintiffs' complaint in its entirety. (ECF No. 14). The court granted CoreCivic's motion to dismiss plaintiffs' claims for gross negligence and negligent training and supervision, and it denied the motion as to the wrongful death and negligence claims. (ECF No. 33).

CoreCivic now moves for judgment on the pleadings, asking the court to find that although the wrongful death and negligence claims survive, plaintiffs can rely on a theory of vicarious liability only, as opposed to direct liability. (ECF No. 104 at 8).

## II.    Legal Standard

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of

**James C. Mahan**
**U.S. District Judge**

- 2 -

law." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (internal quotation marks omitted). A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion." *Id*. That is, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Courts have discretion to grant leave to amend in conjunction with 12(c) motions. *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.　Discussion

#### A.　Duplicative nature of wrongful death claim

As a preliminary matter, the court must clarify, *sua sponte*, the correct law governing CoreCivic's preliminary argument that plaintiffs' negligence claim must be dismissed because it is duplicative of plaintiffs' wrongful death claim. Although CoreCivic presents this argument in its motion, a footnote in its reply states, "CoreCivic asserted in their [sic] [m]otion that [p]laintiffs' negligence claim must be dismissed because it is duplicative of their wrongful death claim. [It] now withdraws that argument." (ECF No. 104 at 2 n.1) (internal citation omitted). Because the question of whether these claims are duplicative is important in this case, and CoreCivic's footnote does not specify the reason for withdrawing its argument, the court will analyze this issue briefly.

In its order granting in part and denying in part CoreCivic's motion to dismiss, the court reasoned that because "[p]laintiffs' wrongful death and negligence claims are both based on

**James C. Mahan**
**U.S. District Judge**

[CoreCivic's] alleged negligent behavior . . . the court considers them together." (ECF No. 33 at 5). However, just because two causes of action contain the same elements does not automatically render them duplicative of each other.

As plaintiffs aptly aver, a negligence and wrongful death claim can be separate and distinct. A negligence claim permits an *injured party* to recover for his injuries, while a wrongful death claim permits *the heirs and estate of a decedent* to recover for losses resulting from the decedent's death. *See* NRS 41.085(2) (authorizing wrongful death claims based on the negligence of another) (emphasis added). Furthermore, the Nevada Court of Appeals has held that a decedent's special administrator can pursue *both* negligence and wrongful death claims, as they indeed are separate and distinct. *See Est. of Faranesh v. Eighth Jud. Dist. Ct. in and for Clark*, No. 57101, 2018 WL 3217994, at \*2 (Nev. Ct. App. June 20, 2018) (emphasis added).

Plaintiffs thus can pursue claims for both wrongful death and negligence, and CoreCivic correctly withdraws its position that Nevada law prohibits plaintiffs from doing so.

B.    Theory of wrongful death and negligence claims

The central question of the instant motion is whether plaintiffs can pursue a direct liability theory of wrongful death and negligence or a vicarious theory of liability only. The court finds that the lone avenue plaintiffs can pursue in regard to their remaining claims is vicarious liability.

i.    *Direct liability vs. vicarious liability*

Although Nevada courts have not clarified this issue, there is a "majority rule" that "where a plaintiff asserts a negligence claim based on the conduct of a corporate employee, and where the employer concedes an agency relationship with that employee, the plaintiff may not simultaneously maintain a separate negligence claim based upon the employer's conduct absent a viable claim for punitive damages as to that conduct." *Isaac v. Forcillo*, No. 2:19-cv-01452-KJD-

**James C. Mahan**
**U.S. District Judge**

BNW, 2021 WL 5108750, at *4 (D. Nev. Aug. 12, 2021) (citing *Diaz v. Carcamo*, 253 P.3d 535, 544 (Cal. 2011).

Consistent with the cited case law, CoreCivic concedes an agency relationship with those whom it employed. (ECF No. 97 at 8-9). Plaintiffs' response consists of numerous attempts to distinguish the instant matter from the aforementioned and well-establish law on vicarious liability, all of which fail.

First, plaintiffs contend that CoreCivic waived its argument that plaintiffs can pursue a theory of vicarious liability only regarding the wrongful death claim, as opposed to an additional theory of direct liability, because CoreCivic raised this argument for the first time in the instant motion. (ECF No. 100 at 17). This argument lacks muster, because the wrongful death claim is based on the same conduct as the negligence claim. The court has consistently analyzed both claims together, and directly stated it was doing so in its order on CoreCivic's motion to dismiss. (ECF No. 33 at 5). To cinch the matter, plaintiffs themselves note that their wrongful death claim "consists of the same elements" as their negligence claim. (ECF No. 100 at 17).

Plaintiffs posit that negligence claims "are asserted against corporations regularly." (*Id.* at 11). All of the cases cited in their response either are distinguishable from or inapposite to this action. In *Cook v. Sunrise Hosp. and Med. Ctr.*, 194 P.3d 1214 (Nev. 2008), the court found that the plaintiffs could adequately assert a direct negligence claim against the hospital, which was a licensed corporation, but there is a key distinction not mentioned in plaintiffs' response. At the time the opinion in *Cook* was published, medical malpractice claims against corporations were expressly permitted pursuant to NRS 41A.009, which has since been repealed.

Plaintiffs further argue that the majority rule is not as ironclad as CoreCivic presents it, and that it clarifies only that "once an employer has admitted *respondeat superior* liability, it is

**James C. Mahan**
**U.S. District Judge**

improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." (ECF No. 100 at 12). To support this position, plaintiffs cite *McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995). The Missouri Supreme Court held that "it may be possible that an employer . . . may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an . . . employee." *Id.* at 826. Here, plaintiffs seemingly overlook the fact that this case derives from Missouri, and its holding cannot be extrapolated to negligence law in other states, as it is not binding.

The court need not tarry in distinguishing every case cited in plaintiffs' opposition, but it is readily apparent that plaintiffs fundamentally misunderstand why CoreCivic cited *Isaac v. Forcillo*, No. 2:19-cv-01452-KJD-BNW, 2021 WL 5108750 (D. Nev. Aug. 12, 2021) and *Gonzalez v. Kirk*, No. 2:14-cv-00039-JCM-VCF, 2014 WL 1945860 (D. Nev. May 14, 2014). Plaintiffs appear to believe that CoreCivic provides these cases for the proposition that the negligence claim should be dismissed in its entirety. (ECF No. 100 at 14). As CoreCivic provides in its reply, its position is that the cases buttress its primary argument that plaintiffs' claims are limited to a theory of vicarious liability only. (ECF No. 104 at 6). CoreCivic is not trying to dismiss plaintiffs' claims, but rather limit the theory of liability under which plaintiffs can pursue them.

ii.     *Punitive damages*

Under Nevada law, a plaintiff can recover punitive damages by proving with clear and convincing evidence that the defendant is guilty of oppression, fraud, or malice. NRS 42.005(1). Malice is defined as conduct that is "intended to injure a person or despicable conduct [that] is engaged in with a conscious disregard of the rights or safety of others." *Bonavito v. Nev. Prop. 1 LLC*, No. 2:13-cv-00417-JAD-CWH, 2014 WL 1347051, at *1 (D. Nev. Apr. 2, 2014).

**James C. Mahan**
**U.S. District Judge**

- 6 -

Plaintiffs do not plead facts sufficient to support an award of punitive damages. Their response includes the word "malice," but the allegations are vague. Plaintiffs claim that CoreCivic's failure to take precautionary measures to protect inmates from contracting COVID-19 could be construed as their acting with "express malice." (ECF No. 100 at 16). Such a statement is conclusory, as plaintiffs fail to specify or form a connection between the actions of CoreCivic and how those actions meet the definition of malice as defined in federal case law.

Given that plaintiffs do not adequately plead punitive damages, the majority rule that they are limited to pursuing a theory of vicarious liability regarding their wrongful death and negligence claims applies here.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant CoreCivic, Inc.'s motion for judgment on the pleadings (ECF No. 97) be, and the same hereby is, GRANTED.

Plaintiffs' wrongful death and negligence claims are dismissed insofar as they rely on a theory of direct liability. To the extent plaintiffs rely on a theory of vicarious liability, the claims remain.

DATED June 25, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -