UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ATLP, a minor, by and through his Guardian Ad Litem TAYLORIA TAYLOR, et al., | Case No. 2:21-CV-2072 JCM (EJY) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| CORECIVIC, INC., | |
| Defendant(s). | |

Presently before the court is defendant CoreCivic, Inc.'s *Daubert* motion to exclude Dr. Ryan Herrington's testimony. (ECF No. 112). Plaintiff Tayloria Taylor, as special administrator of Brandon Patton's estate and as guardian *ad litem* for minor plaintiffs ATLP and AJP, filed a response (ECF No. 116), to which defendant replied. (ECF No. 128).

Also before the court is defendant's motion for summary judgment. (ECF No. 113). Plaintiffs filed a response (ECF No. 117), to which defendant replied. (ECF No. 129).

Also before the court is plaintiffs' motion for leave to file excess pages. (ECF No. 118).

Also before the court is defendant's motion for leave to substitute Dr. Chad Zawitz's declaration in support of its motion for summary judgment. (ECF No. 127). Plaintiffs filed a response (ECF No. 130), to which defendant replied. (ECF No. 131).

**I.     Background**

This case arises from Patton's death while he was detained at the Nevada Southern Detention Center ("NSDC"). (ECF No. 1 at 4). The parties are familiar with the facts of the case,

**James C. Mahan**
**U.S. District Judge**

and the court will not recite them herein. (*See* ECF Nos. 33; 109). The gravamen of plaintiffs' complaint is that defendant, the operator of NSDC, failed to provide adequate protection against COVID-19 infections inside NSDC, resulting in Patton's death. (*See* ECF No. 1).

Plaintiff Taylor charged defendant with wrongful death, negligence, gross negligence, and negligent training and supervision.[1] (*Id*.). Defendant moved to dismiss plaintiffs' complaint. (ECF No. 14). The court granted defendant's motion and dismissed plaintiffs' claims for gross negligence and negligent training and supervision. (ECF No. 33).

Defendant then moved for judgment on the pleadings. (ECF No. 97). The court granted that motion and dismissed the wrongful death and negligence claims insofar as they rely on a theory of direct liability. (ECF No. 109). Thus, the court found that the claims could proceed only on a theory of vicarious liability. (*Id*.). Defendant now moves to exclude Dr. Herrington's testimony (ECF No. 112) and moves for summary judgment. (ECF No. 113).

**II.     Defendant's *Daubert* Motion**

A. Legal Standard

Federal Rule of Evidence 702 controls the court's determination whether to strike a proposed expert witness:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; see generally *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

---

[1] The minor plaintiffs joined in all claims except for the negligence cause of action.

James C. Mahan
U.S. District Judge

- 2 -

"Daubert's general holding—setting forth the trial judge's general 'gatekeeping' obligation—applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

Though the court has broad discretion in discharging its gatekeeping obligation, Daubert provides a non-exhaustive list of relevant factors for consideration: "1) whether a theory or technique can be tested; 2) whether it has been subjected to peer review and publication; 3) the known or potential error rate of the theory or technique; and 4) whether the theory or technique enjoys general acceptance within the relevant scientific community." *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (citing *Daubert*, 509 U.S. at 592–94).

Expert testimony must be relevant and reliable, and it must "relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz–Brault v. Missouri Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). Therefore, exclusion of expert testimony is proper only when such testimony is irrelevant or unreliable because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

B. Discussion

Defendant moves to exclude Dr. Herrington's expert report. (ECF No. 112). His report finds, among other contentions, that Patton's "ability to survive his detention at NSDC was directly related to his risk of exposure to COVID-19[,] which CoreCivic failed to responsibly manage." (ECF No. 116 at 4).

James C. Mahan
U.S. District Judge

- 3 -

As an initial matter, plaintiffs argue that the *Daubert* motion is a motion in limine, and defendant failed to meet and confer as required by LR 16-3(a). (*Id*. at 7). LR 16-3(a) does not include *Daubert* motions. Thus, defendant's motion is not procedurally defective.

Defendant first argues that Dr. Herrington's opinions are irrelevant and unhelpful to the jury. (ECF No. 112). The court disagrees. His opinions are relevant and may help the jury resolve several factual issues related to any alleged breach of defendant's duty owed to Patton and the causation of his death. And contrary to defendant's argument, Dr. Herrington's opinions do not instruct the jury on how it should weigh evidence on the applicable standard of care or causation.

Defendant then argues that Dr. Herrington's legal duty and standard of care opinions are improper. (*Id*. at 13). The court does not find that these opinions risk confusing any issues, misleading the jury, or unfairly prejudicing defendant. Dr. Herrington merely provides potential interventions that defendant should have put in place such as COVID-19 testing, hand washing, and mask use.[2] (*Id*., Ex. 1 at 6-7).

Defendant also argues that Dr. Herrington is not qualified to opine on protective custody and other non-medical operational matters. (*Id*. at 14). However, defendant relies on conclusory arguments and does not offer evidence that Dr. Herrington's opinions are "both unqualified and unhelpful to the jury." (*Id*. at 15). Thus, Dr. Herrington may opine on these issues.

Furthermore, defendant argues that Dr. Herrington's causation opinions are unreliable and irrelevant. (*Id*. at 15). Specifically, defendant contends that these opinions are based on speculation. (*Id*.). Dr. Herrington identifies several actions and inactions that increased the likelihood Patton would contract COVID-19. (*See* ECF No. 116). His report is not based on

---

[2] Moreover, because the court finds that plaintiffs need not proceed only on a theory of vicarious liability (*see infra*), defendant's arguments are improper.

James C. Mahan
U.S. District Judge

- 4 -

unsupported speculation, but instead is based on specialized knowledge. *See Guidroz–Brault*, 254 F.3d at 829. Defendant's *Daubert* motion is denied.

**III.    Defendant's Motion for Summary Judgment**

A. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Information may be considered at the summary judgment stage if it would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not

**James C. Mahan**
**U.S. District Judge**

- 5 -

consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

B.  Discussion

Defendant moves for summary judgment as to plaintiffs' remaining claims. (ECF No. 113). As an initial matter, the court has authority to correct its findings in the order granting defendant's motion for judgment on the pleadings (ECF No. 109). *See United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir.2000).

In that order, the court found that plaintiffs' wrongful death and negligence claims could proceed only on a theory of vicarious liability. Defendant was incorrect to argue that "a direct

**James C. Mahan**
**U.S. District Judge**

liability negligence claim cannot be maintained against an employer where the employer admits an agency relationship and there is no viable punitive damages claim." (ECF No. 104 at 5).

Defendant misstated the law in *Isaac v. Forcillo*, No. 2:19-cv-01452-KJD-BNW, 2021 WL 5108750 (D. Nev. Aug. 12, 2021). Once vicarious liability is admitted by an employer, and absent a claim for punitive damages, corporate negligence claims such as negligent training, hiring, and supervision are legally void—not ordinary negligence claims.[3] *Forcillo*, 2021 WL 5108750 at *5.

Thus, it was incorrect to find that plaintiffs' wrongful death and negligence claims could proceed only on a theory of vicarious liability. *Forcillo*, 2021 WL 5108750 was concerned with avoiding unnecessary litigation in allowing plaintiffs to proceed on both negligence and negligent hiring, training, and supervision claims.[4]

Therefore, plaintiffs' wrongful death and negligence claims need not proceed only on a theory of vicarious liability. And while defendant's motion for summary judgment has been fully briefed, the court does not find it necessary to order supplemental briefing.

First, plaintiffs challenge the declarations of Dr. Zawitz, Brian Koehn, Bonnie Holley, and Keith Ivens. (ECF No. 117). They argue that the declarations cannot be considered because they are improperly authenticated and do not contain a declaration as required by NRS 53.045.[5] (*Id.*). The court will disregard these arguments because they have no bearing on the resolution of defendant's motion for summary judgment.

---

[3] Plaintiffs' negligent training and supervision claim was already dismissed. (ECF No. 33).

[4] Moreover, *Forcillo*, 2021 WL 5108750 does not explicitly mention wrongful death claims.

[5] Plaintiffs also challenge the substance of the declarations and their failure to include an index of exhibits. (ECF No. 117 at 23-24).

**James C. Mahan**
**U.S. District Judge**

- 7 -

However, the court still finds good cause to grant defendant's motion for leave to substitute Dr. Zawitz's declaration. (*See* ECF No. 127). The court also finds good cause to grant plaintiffs' motion to exceed the page limit in response to defendant's motion. (ECF No. 118).

1. Wrongful death

As a preliminary matter, defendant is incorrect to analyze plaintiffs' wrongful death and negligence claims together. NRS 41.085 provides that heirs and personal representatives may maintain actions for wrongful death when the death "is caused by the wrongful act or neglect of another." NRS 41.085(2). The court cannot conclude that defendant has met its burden of proving that summary judgment is appropriate. *See Celotex Corp.*, 477 U.S. at 323–24.

Defendant incorrectly argues that plaintiffs must identify which of its employees engaged in negligent conduct. Here, a reasonable jury could conclude that defendant's wrongful act(s) or negligence caused Patton's death. That includes defendant and its employees' alleged failure to protect against COVID-19 infections, such as the failure to take proper sanitation measures and follow appropriate administrative policies. (*See* ECF No. 117).

2. Negligence

"It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (2009) (citing *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (2008)).

Plaintiffs rely, in part, on Dr. Herrington's report to show that a genuine issue of material fact remains. His report provides that "[Patton's] risk of dying from COVID-19 infection and accordingly his ability to survive his detention at NSDC [were] directly related to his risk of exposure to COVID-19 which CoreCivic failed to responsibly manage because CoreCivic failed

to put in place environmentally related interventions designed to disrupt the previously discussed epidemiological triangle." (ECF No. 116 at 4).

Questions of negligence and proximate cause are typically questions of fact. *Shepard v. Harrison*, 678 P.2d 670, 672 (1984); *see Nehls v. Leonard*, 630 P.2d 258, 260 (1981). Dr. Herrington's report and plaintiffs' allegations of tortious conduct (*See* ECF No. 117) set forth specific facts by producing competent evidence, showing a genuine issue for trial. *See Celotex*, 477 U.S. at 324. Thus, defendant's motion for summary judgment is denied.

Moreover, defendant argues that because Patton signed the COVID-19 waiver and chose to be housed in general population, plaintiffs' negligence exceeds defendant's negligence. (ECF No. 113 at 15). NRS 41.141 states that "[i]n any action to recover damages … in which comparative negligence is asserted as a defense, the comparative negligence of the plaintiff … does not bar a recovery if that negligence was not greater than the negligence … of the parties to the action against whom recovery is sought."

Plaintiffs argue that Patton signed the waiver under duress and the waiver's language proves that Patton did not choose to be moved to general population. (ECF No. 117 at 34). The court cannot conclude, as a matter of law, that Patton was more negligent than defendant. Patton's actions create a genuine issue of material fact for trial.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's *Daubert* motion to exclude Dr. Ryan Herrington's testimony (ECF No. 112) be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

- 9 -

IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 113) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to file excess pages (ECF No. 118) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion for leave to substitute Dr. Chad Zawitz's declaration (ECF No. 127) be, and the same hereby is, GRANTED.

DATED March 7, 2025.

_____
UNITED STATES DISTRICT JUDGE