UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem TAYLORIA TAYLOR, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>CORECIVIC, INC.,<br><br>Defendant(s). | Case No. 2:21-CV-2072 JCM (EJY)<br><br>ORDER |

Presently before the court is defendant CoreCivic, Inc.'s motion for reconsideration. (ECF No. 133). Plaintiff Tayloria Taylor ("Taylor"), as co-special administrator of the estate of Brandon Patton ("Patton") and as guardian *ad litem* for Minors ATLP and AJB (the "minor plaintiffs") (collectively with Taylor, "plaintiffs") filed a response (ECF No. 141), to which defendant replied (ECF No. 143).

I.     **Background**

This case arises from Patton's death while he was detained at the Nevada Southern Detention Center ("NSDC"). (ECF No. 1 at 4). The parties are familiar with the facts of the case and the court will not recite them herein. (*See* ECF Nos. 33; 109).

On March 7, 2025, the court entered an order resolving several motions including defendant's motion to exclude and motion for summary judgment. (ECF No. 132). Defendant now moves for this court to reconsider that order. (ECF No. 133).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II.    Legal Standard

As an initial matter, the court finds that that the parties have adequately presented their factual and legal arguments in briefing.  Accordingly, no oral argument will be held on this matter. LR 78-1 ("All motions may be considered and decided with or without a hearing.").

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation and quotation marks omitted).  "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *Id.*  (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

A motion to reconsider must provide a court with valid grounds for reconsideration, which include showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Haw. Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

Further, a motion for reconsideration is not an avenue to present arguments already raised; that is, a motion for reconsideration is not a mechanism for an unsuccessful party to reiterate arguments previously presented.  *See Maraziti v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995); *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

A district court may properly reconsider its decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.,* 333

**James C. Mahan**
**U.S. District Judge**

U.S. 364, 395 (1948).  The standard for clear error is "very exacting" and not easy to reach. *Campion v. Old Republic Home Prot. Co.*, No. 09-CV-748-JMA NLS, 2011 WL 1935967, at \*1 (S.D. Cal. May 20, 2011).  "Mere doubts or disagreements about the wisdom of a prior decision" do not suffice; the decision must be "more than just maybe or probably wrong; it must be dead wrong." *Id.*

**III.    Discussion**

A.  Whether plaintiffs may proceed on both direct and vicarious liability theories

Over the course of this litigation, a recurring issue has been whether plaintiffs may maintain both direct and vicarious negligence claims against a corporate defendant that admits its employee was acting within the scope of employment.  The court now briefly revisits this issue to provide both clarity and, it is hoped, finality on this matter.[1]

While it is true that "*Forcillo*[] was concerned with avoiding unnecessary litigation in allowing plaintiffs to proceed on both negligence and negligent hiring, training, and supervision claims," (ECF No. 132 at 7) (citing *Isaac v. Forcillo*, No. 2:19-CV-01452-KJD-BNW, 2021 WL 5108750, at \*4 (D. Nev. Aug. 12, 2021), it oversimplifies the analysis to suggest that judicial economy alone determines the result.

The majority rule is that when an employee acts within the course and scope of his employment—thereby subjecting the employer to liability for the employee's negligence under the doctrine of respondeat superior—no separate claim may be maintained against the employer for negligent hiring, retention, or training.  *Cruz v. Durbin*, No. 2:11-CV-00342-RCJ, 2011 WL 1792765, at \*2 (D. Nev. May 11, 2011) (quoting *Lee ex re. Estate of Lee v. J.B. Hunt Transp., Inc.*, 308 F. Supp. 2d 310, 312 (S.D.N.Y. 2004)).

This is because if the employee was not negligent, there is no basis for holding the employer liable.  *Id.*  Conversely, if the employee was negligent, the employer is responsible for

---

[1] Defendant alleges that plaintiffs have failed to address defendant's argument regarding this point. "A non-moving party's failure to respond to a claim in its opposition can constitute a concession of that claim." *Whiteslate, LLP v. Dahlin*, No. 20-CV-1782 W, 2021 WL 2826088, at \*5 S.D. Cal. July 7, 2021 (collecting cases).  Plaintiffs do discuss the cases surrounding the issue but do not make a straightforward response to defendant's argument.  Notwithstanding plaintiffs' lackluster response and the court's ability to treat this as a concession, the court will analyze the merits of defendant's argument.

**James C. Mahan**
**U.S. District Judge**

- 3 -

the resulting damages regardless of the adequacy of its hiring, retention, or training practices. *Id.* Further, no "direct" negligence suit can continue once the agency relationship has been conceded by the employer "absent a viable claim for punitive damages as to that conduct." *Isaac*, 2021 WL 5108750 at * 4.

Defendant does not dispute that its employees acted in the scope of their employment as alleged by plaintiffs (ECF No. 97 at 8) and plaintiffs do not have a viable claim for punitive damages. It was clear error for the court to state otherwise. Accordingly, plaintiffs are limited to vicarious liability.

B.   Whether wrongful death and negligence should be analyzed together

Defendant argues that law of the case requires the court to analyze wrongful death and negligence together since it had done so earlier. "The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (internal quotes and citation omitted). The doctrine does not prevent a court from reassessing its own prior rulings in the same case. *Id.* Therefore, the law of the case doctrine did not bar the court's reconsideration of whether the two causes of action must be considered together or separately.

Although claims for negligence and wrongful death overlap because they are both premised on negligent conduct, the claims are separate and distinct. *Est. of Faranesh v. Eighth Jud. Dist. Ct. In & For Clark*, 134 Nev. 935 (Nev. App. 2018). Plaintiffs cannot prevail on a wrongful death claim merely by establishing negligence. Although negligence is a necessary component here, wrongful death liability requires proof of additional elements beyond the underlying tort.[2]

C.   Whether plaintiffs must identify which employee engaged in negligent conduct

Despite defendant's assertion that plaintiffs must identify an employee to sustain a claim for vicarious liability, that is not the law. *See Pate v. Wal-Mart Stores, Inc.*, No. 2:12-cv-1377-JAD-PAL, 2014 WL 3613385, at *5 (D. Nev. July 21, 2014) (rejecting the argument that, to

[2] The court acknowledges plaintiffs are pursuing their wrongful death action on a theory of negligence. While the court refuses to reconsider whether there is a genuine issue of material fact, as discussed *supra*, defendant is correct in arguing that a reasonable jury could not find it liable because of "wrongful act(s)."

**James C. Mahan**
**U.S. District Judge**

impose vicarious liability on a corporate employer, the plaintiffs must identify the employee(s) whose negligence caused the harm alleged).

Applied here, defendant's rationale would yield an untenable result: although defendant concedes that its employees were acting within the scope of their employment, it seeks to evade liability merely because plaintiffs cannot pinpoint the precise individuals responsible for the negligent conduct.  The court is not persuaded by defendant's argument.

D.  Whether there is a genuine issue of material fact

Lastly, defendants contend that the court erred in concluding that genuine issues of material fact remain.  While plaintiffs' expert report does not explicitly identify the precise standard of care that was breached, the report nonetheless provides sufficient evidence to support plaintiffs' allegation that defendant, through its employees, acted negligently in responding to COVID-19 and that the adequacy of that response remains in dispute.  Thus, upon further review, the court finds no reason to reconsider its prior determination on this issue.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for reconsideration (ECF No. 133) be, and the same hereby is, GRANTED in part and DENIED in part.

DATED October 28, 2025.

_____

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -