CLARK HILL PLLC
PAOLA M. ARMENI
Nevada Bar No. 8357
Email: parmeni@clarkhill.com
GIA N. MARINA
Nevada Bar No. 15276
Email: gmarina@clarkhill.com
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
Tel: (702) 862-8300
*Attorneys for Plaintiffs, Patton Family*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ATLP, a minor, by and through his Guardian Ad Litem TAYLORIA TAYLOR; and AJB, a minor by and through his Guardian Ad Litem TAYLORIA TAYLOR and TAYLORIA TAYLOR as Co-Special Administrator of the ESTATE OF BRANDON LAVON PATTON, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC, formerly CORRECTIONS CORPORATION OF AMERICA, a foreign corporation d/b/a Nevada Southern Detention Center; DOE CORECIVIC EMPLOYEES I through XX; DOES I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-02072-JCM-EJY<br><br><br>**JOINT PRETRIAL ORDER** |

## I.      NATURE OF THE ACTION

### a.  Background

On October 8, 2020, Brandon Patton, a 29-year-old man with multiple comorbidities, who was a detainee at CoreCivic's Nevada Southern Detention Center ("NSDC"), died at Spring Valley Hospital from complications of COVID-19. Plaintiffs allege unidentified employees of Defendant failed to prevent the introduction and spread of COVID-19 into NSDC and therefore CoreCivic is vicariously liable for his death.  His mother, Tayloria Taylor and his two children, ATLP and AJB,

ClarkHill\K1879\417378\286708440.v1-2/27/26

brought this lawsuit. The following claims remain: (1) Wrongful Death (respondeat superior); and (2) Negligence (respondeat superior). CoreCivic denies liability.

### b. Remaining Parties and Issues for Trial

#### i. Dismissed Parties

1. None.

#### ii. Dismissed Claims

1. Gross Negligence (Dkt. 33);

2. Negligent Training and Supervision (*Id.*).

#### iii. Remaining Claims

1. **Wrongful Death Claim:** Plaintiffs have a wrongful death claim rooted exclusively in vicarious liability against Defendant. (Dkts. 1; 150 at 4.)

2. **Negligence Claim:** Plaintiffs have a negligence claim rooted exclusively in vicarious liability against Defendant. (*Id.*)

## II.   STATEMENT OF JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because this dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   STATEMENT OF ADMITTED FACTS

The following facts are admitted by the parties and require no proof:

1. NSDC is owned and operated by CoreCivic and located in Pahrump, Nevada.

2. Brandon Patton was detained at NSDC from October 18, 2019 to September 26, 2020.

3. Brandon Patton died on October 8, 2020 at Spring Valley Hospital. Brandon Patton was 29 years old at the time of his death.

## IV.   STATEMENT OF UNCONTESTED FACTS

The following facts, although not admitted, will not be contested at trial by evidence to the contrary:

1.      Tayloria Taylor is the mother of Brandon Patton and grandmother of ATLP and AJB.

2.      Tayloria Taylor is the duly appointed personal representative of Brandon Patton's Estate pursuant to NRS Chapter 143.

3.      AJB and ATLP are the minor children of Brandon Patton.

4.      NSDC detains United States Marshals Service ("USMS") pretrial detainees.

5.      Brandon Patton was a pretrial USMS detainee who was transferred to NSDC by the federal government after he was arrested for possession with intent to distribute a controlled substance and possession of a weapon.

6.      NSDC staff assigned Brandon Patton to G4 pod, which was a general population pod, on October 18, 2019.

7.      Brandon Patton experienced several underlying comorbidities, including: congestive heart failure, chronic obstructive pulmonary disease ("COPD"), hypertensive cardiovascular disease, diabetes mellitus, high blood pressure, morbid obesity, and sleep apnea.

8.      On April 9, 2020, Brandon was moved from G2 to BB pod.

9.      BB pod was a two-tier, celled unit.

10.     On September 9, 2020, Brandon Patton submitted a sick call request, stating: "I need a High Risk wavir [sic] to go back to GP."

11.     On September 9, 2020, at his request, Brandon Patton was moved to general population.

12.     On September 26, 2020, Brandon Patton was transported to Desert View Hospital.

13.     On October 2, 2020, Brandon Patton was transferred from Desert View Hospital to Spring Valley Hospital in Las Vegas, Nevada.

## V.      STATEMENT OF CONTESTED ISSUES OF FACT

The following are issues of fact to be determined at trial:

**Plaintiffs:** Plaintiffs include a thorough list of contested facts, mainly derived directly from Defendant's Answer (*See* DKT 34) in which Defendant asserted affirmative facts in response to Plaintiffs' claims in the Complaint. A statement in an Answer is a judicial admission binding on

3

the party who made them. *Davis v. Tri-Cnty. Metro. Transp. Dist. of Oregon*, No. 3:12-CV-0808-SI, 2015 WL 4403529, at *2 (D. Or. July 17, 2015); *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 345 F. Supp. 3d 1207, 1232 (E.D. Cal. 2018).

1.      Detainees and inmates at NSDC housed in general population could not engage in social distancing and self-quarantine precautions.

2.      Detainees and inmates at NSDC share a limited number of toilets, sinks and showers with other detainees in their housing unit.

3.      NSDC bathrooms in housing units do not have soap dispensers so the detainees must carry bars of soap with them at all times to be able to wash their hands.

4.      NSDC did not fully implement or enforce all required infection control protocols during the relevant period.

5.      Whether CoreCivic implemented protocols to allow for social distancing at NSDC including NSDC canceling all in-person programming and provided program packets in the interim; providing satellite feeding where meals were brought to detainees inside their housing units; and placing a hold on all social visits and suspending all face-to-face legal visits, permitting in-person legal visits on a case-by-case basis after the attorney was screened for infection in accordance with NSDC's screening protocols.

6.      Whether, during 2020, CoreCivic made available to detainees and inmates hygiene supplies.

7.      Whether, during 2020, CoreCivic screened staff, detainees or others seeking entry into NSDC facility as a prerequisite to gaining entry into the facility.

8.      Whether, in 2020, CoreCivic provided personal protective equipment ("PPE") to NSDC employees.

9.      Whether, in 2020, CoreCivic enforced NSDC employees to wear PPE inside of NSDC.

10.     Whether, upon learning that a staff member was experiencing symptoms of COVID-19 while at work, CoreCivic enforced sending the employee home and/or directed to see a healthcare provider and/or directed to quarantine for 14-days or until symptom free.

11.    Whether CoreCivic tested incoming detainee's temperature when they exited the transport vehicle upon arrival to NSDC in order to prevent the introduction and spread of COVID-19.

12.    Whether, upon a new detainee's arrival to NSDC, CoreCivic medical personnel completed a medical examination in the intake unit where an extensive medical history workup was completed, including being questioned regarding possible COVID-19 exposure, vulnerability, and symptoms and whether, upon a detainee exhibiting symptoms, they were escorted to the medical unit to be tested and/or assessed for COVID-19.

13.    Whether, upon an incoming detainee passing intake screening procedures, they were housed in either the AA or CA pods where they were quarantined for 14-days.

14.    Whether CoreCivic medical staff monitored all incoming detainees, including taking their temperate and conducting symptom checks daily.

15.    Whether, upon being advised that a detainee was symptomatic, CoreCivic tested or quarantined the detainee in order to prevent the introduction and spread of COVID-19.

16.    Whether each housing unit had their own ventilation units.

17.    Whether detainees were educated on the importance of social distancing and encouraged to stay six feet apart.

18.    Whether all pods and common areas were sanitized hourly from 7:00 a.m. to 10:00 p.m.

19.    Whether detainees who participated in the Voluntary Work Program received additional training regarding the proper use of cleaning supplies to allow for efficient disinfection.

20.    Whether detainees in celled pods could request and were provided cleaning supplies to clean the inside of their cell.

21.    Whether the entire facility was disinfected daily, which included door handles, crash gates, intake areas, vehicles, and so forth.

22.    Whether all dining areas were disinfected before, during and after all meals.

23.    Whether NSDC had access to or utilized peroxide, disinfectant wipes, and/or HDQ disinfecting solution, or any other type of disinfectant, to sanitize the facility.

5

24.    Whether NSDC distributed cloth masks to all detainees free of charge and whether detainees could request and be provided with a new mask at any time.

25.    Whether NSDC provided its staff with education on the proper wearing, handling and disposal of PPE.

26.    Whether NSDC provided detainees and inmates with education regarding ways to mitigate the infection and/or spread of COVID-19 such as mask-wearing, social distancing, sanitation, and so forth.

27.    Whether NSDC staff wore protective gloves in cohort and high-risk pods and the medical unit.

28.    Whether detainees and inmates were provided with or could request protective gloves.

29.    Whether detainees and inmates were encouraged or required to wear their masks whenever they left their pod.

30.    Whether NSDC staff assigned to the high-risk pod entered other housing units/pods during their shift.

31.    Whether detainees and inmates who exhibits symptoms of COVID-19 were tested immediately and quarantined until the results of the test came back and whether, in the meantime of the test coming back, that detainee or inmate's housing unit was transitioned to a protective cohort pod.

32.    Whether NSDC had capacity to effectively quarantine and medically isolate any detainee who was confirmed, presumed, or suspected positive for COVID-19.

33.    Whether around July of 2020, Brandon Patton was so scared that he would contract COVID-19, he discussed and/or wrote goodbye letters to his children and family in the event he never saw them again and died alone thousands of miles away from them.

34.    Whether NSDC staff turned the air conditioner off as part of punishment to detainees or inmates housed in solitary confinement or what detainees and inmates commonly refer to as "the hole".

6

35.    Detainees and inmates deemed high-risk for COVID-19 infection were pressured by NSDC staff to sign a release so they could be moved into general population and so that NSDC could combine the general population high-risk group with the protective custody high-risk group. Inmates and detainees designated as "high risk" and housed in Unit BB reported that NSDC correctional officers provided them with three options: (1) go to Unit F1 and be housed with protective custody inmates in a dorm setting; (2) sign over their medical rights and risk dealing with COVID-19 in general population; or (3) go to the hole as punishment.

36.    While being housed in the hole, high-risk inmates were mixed with regular general population inmates, inmates who were in the hole for discipline, COVID positive inmates and quarantined inmates.

37.    The longer the high-risk detainee refused to sign the medical waiver or refused to be placed with protective custody detainees, punishment was implemented such as loss of phone privileges, commissary restriction and loss of leisure time.

**Defendant:**    Defendant objects to Plaintiffs' statement of contested facts, as the facts are hyperdetailed, confusing, and not probative of the narrow vicarious liability claims that remain. To illustrate, whether NSDC bathrooms had soap dispensers or whether NSDC, a building, distributed cloth masks to all detainees free of charge are not probative of whether any NSDC employee breached the standard of care or caused Brandon Patton's death. Moreover, any probative value of Plaintiffs' statement of contested facts is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. Due to the Court's multiple dismissal orders, the claims that remain are simple, straightforward, and rooted exclusively in vicarious liability.  Thus, the only contested facts to be tried to the jury are:

1.    Whether any NSDC employee failed to comply with NSDC's COVID-19 protocols such that it resulted in a breach of the standard of care.

2.    Whether any NSDC employee's failure to comply with NSDC's COVID-19 protocols—i.e., breach of the standard of care—caused Brandon Patton to contract COVID-19.

7

3.      Whether Brandon Patton acted as a reasonable person under the same or similar circumstances when he signed a COVID-19 Waiver and requested to return to general population despite NSDC's referral to a high-risk pod and recommendation that he stay there.

## VI.     STATEMENT OF CONTESTED ISSUES OF LAW

The following are the issues of law to be tried and determined at trial:

1.   Whether any NSDC employee owed Brandon Patton a duty of care.

2.   Whether any NSDC employee breached that duty.

3.   Whether the breach of that duty was the legal cause of Brandon Patton's injury.

4.   Whether Brandon Patton suffered damages.

5.   Whether Plaintiffs ATLP and AJB suffered damages.

6.   Whether any CoreCivic employee who engaged in negligent conduct was acting in the course and scope of their employment.

7.   Whether Brandon Patton was comparatively negligent, and if so, to what extent.

8.   Whether Plaintiffs ATLP and AJB are entitled to damages, and if so, how much?

9.   Whether Plaintiff Estate is entitled to damages, and if so, how much?

## VII.    EXHIBITS
A. **THE FOLLOWING EXHIBITS ARE STIPULATED INTO EVIDENCE IN THIS CASE AND MAY BE SO MARKED BY THE CLERK:**

**Plaintiffs:**  There were multiple documents that were originally identified as exhibits by both parties in Dkt. 155. Defendants have since removed those exhibits in an effort not to duplicate exhibits. Plaintiffs would stipulate to those documents as well as any documents identified by Plaintiffs where the Defendant has not lodged an objection**.** Furthermore, Plaintiffs would stipulate to CORECIVIC_BP005594-5595, 5597,5599.

 **Defendant:** Counsel is unavailable to try this case until 2027. Thus, it is unknown which witnesses will be available to testify and lay foundation for these exhibits given it is at least a year away. Additionally, Defense counsel is reluctant to stipulate to the admission of any exhibit prior to the conclusion of opening statements. However, to the extent Defendant did not object to Plaintiffs'

8

below-listed exhibits, Defendant will stipulate to the admission of those exhibits after opening statements. Defendant will not stipulate to the admission of CORECIVIC_BP000356–359. The parties conferred regarding possible stipulations and agreed to revisit the issue once a trial date is confirmed and witness availability is determined.

B. **AS TO THE FOLLOWING EXHIBITS, THE PARTY AGAINST WHOM THE SAME WILL BE OFFERED OBJECTS TO THEIR ADMISSIONS UPON THE GROUNDS STATED:**

*Plaintiffs' Exhibits and Defendant's Objections[1]:*

| Ex No. | Bates Nos. | Description | Objection(s) |
|---|---|---|---|
| 1. | PATTON_000314, 000324-000942 | Spring Valley Hospital - Brandon Patton's Medical Records | Rules 401/402, 403, 801, 802 |
| 2. | PATTON_000943, 000949, 000951-001060 | Desert View Hospital - Brandon Patton's Medical Records | Rules 401/402, 403, 801, 802 |
| 3. | PATTON_001074-001088 | Emails from Michael Desch to Federal Public Defenders Regarding Brandon Patton's Medical Condition and Treatment Status | Rules 401/402, 403, 801, 802 |
| 4. | PATTON_001108, 001120, 001125-001126, 001128 001131-001134 | Ayden Patton's School Project and Photographs | |
| 5. | PATTON_001135-001139 | Photographs of C Pap received after Brandon L. Patton's death | Rules 401/402, 403 |
| 6. | PATTON_001140-001145 | Photographs of C Pap Machine Condition | Rules 401/402, 403 |
| 7. | PATTON_001146-001151 | Photographs of C Pap Machine by Tayloria Taylor after it was received from Nevada Southern Detention Center after 10/08/2020 | Rules 401/402, 403 |
| 8. | PATTON_001182-001185 | Email chain between Sylvia Irvin to Ashlee Hesman regarding reorganization of housing pods for medically high-risk detainees – August 2020 | Rules 401/402, 403, 801, 802 |

[1] By not objecting to a particular exhibit, Defendant does not stipulate to its admissibility at trial. Moreover, Defendant reserves the right to object to any exhibit that Plaintiffs attempt to introduce without first laying the proper foundation.

9

| 9. | PATTON_001186-001188 | Email chain between Sylvia Irvin to US District Court Staff regarding COVID-19 Subcommittee meeting | Rules 401/402, 403, 801, 802 |
|---|---|---|---|
| 10. | PATTON_001197 | Picture of Brandon at work | Rules 401/402, 403 |
| 11. | PATTON_001208-001210 | COVID-19 affects staff, inmates at federal detention center in Pahrump – news article in Pahrump Valley Times dated October 14, 2020 | Rules 401/402, 403, 801, 802 |
| 12. | PATTON_001308-005596 | Trinity Health Medical Records (DOS – 10/14/2013 to 12/09/2019) | Rules 401/402, 403, 801, 802 |
| 13. | PATTON_005601 | A.T. Patton's Birth Certificate | Rules 401/402, 403, 901, 1002 |
| 14. | PATTON 005686-005786 | Email Communications between Tayloria Taylor and Brandon C. Jaroch – Assistant Federal Public Defender | Rules 401/402, 403, 801, 802 |
| 15. | PATTON 005787-005796 | Declaration of Facts  Re: United States of America v. Le Ron Williams dated October 14, 2020 | Rules 401/402, 403, 801, 802 |
| 16. | PATTON 005821 | Nevada Southern Detention Center Inmate Account Summary 06/16/2020 to 07/16/2020 | Rules 401/402, 403 |
| 17. | PATTON 005936 - 005967 | Brandon Patton's Family Photographs (most items believed to be kept in his cell) | |
| 18. | PATTON 005969 - 005970 | Letters to Brandon Patton from Dani and Adonis– additional documents from Patton's cell | Rules 401/402, 403, 801, 802, 901 |
| 19. | PATTON 005972, 005982   005974,   005975, 005977, 005978 | Photographs of items received from NSDC   Bible/cross   Picture of what received from Brandon's cell – pictures of family and letters   Medical machine | Rules 401/402, 403, 801, 802   Defendant objects to the compilation of this Exhibit, as the cited documents are unrelated to each other. This Exhibit should be precluded pursuant to Rule 403, as any probative value is substantially outweighed |

10

ClarkHill\K1879\417378\286708440.v1-2/27/26

| | | | by the danger of confusing the issues and misleading the jury. |
|---|---|---|---|
| 20. | PATTON 006030 - 006064 | Centers for Disease Control and Prevention Interim Guidance on Management of Coronavirus Disease 2019 in Correctional and Detention Facilities dated December 31, 2020 | Rules 401/402, 403, 801, 802 |
| 21. | PATTON 006106 | Brandon Patton Autopsy Findings and Opinion | Rules 401/402, 403, 801, 802 |
| 22. | PATTON 006113 | Brandon Patton Death Certificate | Rules 401/402, 403, 1002 |
| 23. | PATTON 006114 - 006115 | Photographs of Brandon | Rules 401/402, 403 |
| 24. | PATTON 006116 - 006128 | US Marshals Reports and Statements | Rules 401/402, 403, 801, 802 |
| 25. | PATTON 006137 | Affidavit of Custodian of Records | Rules 401/402, 403, 602, 801, 802 |
| 26. | PATTON 006147, 0006157 – 6160, 6164, 6168, 6170-6174, 6175-6176, 6180, 6181-6182, 6188, 6191, 6192, 6205-6206, 6209, 6214- 6216, 6232, 6235-6239, 6255-6260, 6274, 6277-78<br><br>6195-6204 | Nye County Health and Human Services<br><br>Emails with CoreCivic employees<br><br><br><br>USMS COVID 19 Memorandum dated 9/23/20 with implementation after Brandon died (10/16/20) | Rules 106, 401/402, 403, 801, 802<br><br>Defendant objects to the compilation of this Exhibit, as the cited documents are unrelated to each other. This Exhibit should be precluded pursuant to Rule 403, as any probative value is substantially outweighed by the danger of confusing the issues and misleading the jury. |
| 27. | PATTON 006288-89, 6293-6294, 6295-6297, 6301, 6302, 6303, 6317-6319 | USMS Email correspondence including attachments between CoreCivic Staff regarding COVID-19 and Brandon Patton (United States Marshal Service's Supplemental Response to Subpoena Duces Tecum) | Rules 106, 401/402, 403, 801, 802 |
| 28. | PATTON 006333 - 006346 | COVID-19 – Nevada United: Roadmap to Recovery – Nye County Evaluation of Readiness for Phase 1 | Rules 401/402, 403, 801, 802 |

11

| 29. | PATTON 006347 – 006354 | Road to Recovery: Moving to a New Normal Nye County Jurisdictional Assessment and Action Plan 11/18/20 | Rules 401/402, 403, 602, 801, 802 |
|---|---|---|---|
| 30. | PATTON 006355 – 006365 | Jimmy Kim Inmate Documents | Rules 401/402, 403, 801, 802 |
| 31. | PATTON 6366-6387<br><br>PATTON 6388-6389<br><br>PATTON 6390-6392<br><br>PATTON 6393-6420 | Testing of Prisoners Memorandum<br><br>PUI – Case Report Form – Patton<br><br>Morbity Report – Patton<br><br>NV Health and Human Services emails re: NSDC or with NSDC | Rules 401/402, 403, 801, 802<br><br>Defendant objects to the compilation of this Exhibit, as the cited documents are unrelated to each other. This Exhibit should be precluded pursuant to Rule 403, as any probative value is substantially outweighed by the danger of confusing the issues and misleading the jury. |
| 32. | PATTON 006421 | Certificate of Custodian of Records for documents from Nevada Department of Public Health & Human Services – Division of Public & Behavioral Health – Office of Public Health & Investigations Documents in response to Plaintiff's Subpoena Duces Tecum dated October 30, 2023 | Rules 401/402, 403 |
| 33. | PATTON 006434-006435 | October 20, 2020 Email re: Brandon Property | Rules 401/402, 403, 801, 802 |
| 34. | PATTON 006436-006437 | October 21, 2020 Email re: Brandon Property | Rules 401/402, 403, 801, 802 |
| 35. | PATTON 006438-006439 | October 22, 2020 Email re: Coronavirus Test Ordered for "High-Risk" Prisoners at Pahrump Facility | Rules 401/402, 403, 801, 802 |
| 36. | PATTON 006442 | October 23, 2020 Email re: Coronavirus Test Ordered for "High-Risk" Prisoners at Pahrump Facility | Rules 106, 401/402, 403, 801, 802 |
| 37. | PATTON 006445 | November 18, 2020 Email re: COVID 19 – Nevada Southern, D-NV COVID-19.xlsx | Rules 401/402, 403, 801, 802 |

12

| 38. | PATTON 006446 | District of Nevada COVID-19 Spreadsheet | Rules 401/402, 403 |
|---|---|---|---|
| 39. | PATTON 006447-006448 | November 19, 2020 Email re: COVID 19 – Nevada Southern, D-NV COVID-19.xlsx | Rules 401/402, 403, 801, 802 |
| 40. | PATTON 006449 | District of Nevada COVID-19 Spreadsheet (Copy) | Rules 401/402, 403 |
| 41. | PATTON 006450 | October 9, 2020, Email re: D/NV-Death Brandon Patton (USMS#17461-059 | Rules 401/402, 403, 801, 802 |
| 42. | PATTON 006451 | CoreCivic M&M Requirements | Rules 401/402, 403, 801, 802 |
| 43. | PATTON 006452-006453 | October 14, 2020, Email re: D/NV -Death Brandon Patton (USMS#17461-059 | Rules 401/402, 403, 801, 802 |
| 44. | PATTON 006456-006468 | October 5, 2020, Email re: Brandon Patton #17461-059 | Rules 106, 401/402, 403, 801, 802 |
| 45. | PATTON 006469-006483 | October 4, 2020, Email re: Brandon Patton #17461-059 | Rules 106, 401/402, 403, 801, 802 |
| 46. | PATTON 006484-006507 | October 3, 2020, Email re: Brandon Patton #17461-059 | Rules 401/402, 403, 801, 802 |
| 47. | PATTON 006508-006551 | Cook County Jail Articles relating to COVID-19 | Rules 401/402, 403, 801, 802, 902 |
| 48. | PATTON 006580 | October 8, Email re: Medical Records for Brandon Patton | Rules 401/402, 403, 801, 802 |
| 49. | PATTON  006581 | October 15, 2020 Email re: NSDC Staff Member Died Article | Rules 401/402, 403, 801, 802, 902 |
| 50. | PATTON 006582 | December 15, 2020 Email re: October Medical Hours | Rules 106, 401/402, 403 |
| 51. | PATTON 006583-006584 | USMS October Medical Hours | Rules 106, 401/402, 403, 801, 802 |
| 52. | PATTON 006585 | October 9, 2020 Email re: Patton Medical Synopsis | Rules 106, 401/402, 403, 801, 802 |
| 53. | PATTON 006586 | Brandon Patton Medical Synopsis Report | Rules 106, 401/402, 403, 801, 802 |
| 54. | PATTON 006605-006606 | October 3, 2020 Email re: Update re: Detainee Brandon Patton # 17465-059 Hospital Stay related to COVID | Rules 401/402, 403, 801, 802 |
| 55. | PATTON 006607 | October 14, 2020 Email re: 2-Things | Rules 401/402, 403, 801, 802 |
| 56. | PATTON 006609-006610 | October 14, 2020 Email re: 2-Things! | Rules 401/402, 801, 802 |
| 57. | PATTON 006613-006618 | October 3, 2020 Email re: 3rd Hospital Duty | Rules 401/402, 403, 801, 802 |
| 58. | PATTON 006624-006674 | October 7 & 8, 2020 Email re: Brandon Patton # 17461-059 | Rules 401/402, 403, 801, 802 |
| 59. | PATTON 006685-006687 | April 15, 2020 Email re: Detainee Brandon Patton – Medicine Request | Rules 401/402, 403, 801, 802 |

13

| 60. | PATTON 006694-006706 | April 2 & 15, 2020 Email re: Detainee Brandon Patton – Medicine Request | Rules 401/402, 403, 801, 802 |
|---|---|---|---|
| 61. | PATTON 006707-006709 | September 28, 2020 Email re: Detainee Brandon Patton #17461-059 – 2:19-cr-00209-APG-EJY-1 | Rules 401/402, 403, 801, 802 |
| 62. | PATTON 006712 | October 6, 2020 Email re: Detainee number 17461059 | Rules 401/402, 403, 801, 802 |
| 63. | PATTON 006713 | October 2, 2020 Email re: Detainee Patton Update | Rules 401/402, 403, 801, 802 |
| 64. | PATTON 006714 | October 9, 2020 Email re: Detainee Patton | Rules 401/402, 403, 801, 802 |
| 65. | PATTON 006715 | October 8, 2020 Email re: Detainee Patton, Brandon (#17461059) | Rules 401/402, 403, 801, 802 |
| 66. | PATTON 006716 | Detainee Patton Information | Rules 401/402, 403, 801, 802 |
| 67. | PATTON 006717 | October 8, 2020 Email re: Detainee Patton, Brandon (#17461059) | Rules 401/402, 403, 801, 802 |
| 68. | PATTON 006739-006743 | October 5, 2020 Emal re: Hospitalized Detainees | Rules 401/402, 403, 702, 801, 802 |
| 69. | PATTON 006744 | September 28, 2020 Email re: I have some attorney questions | Rules 401/402, 403, 801, 802 |
| 70. | PATTON 006745-006748 | October 29, 2020 Email re: Brandon Patton | Rules 401/402, 403, 801, 802 |
| 71. | PATTON 006749-006814 | October 8, 2020 Emails re: Brandon Patton # 17461-059 | Rules 401/402, 403, 801, 802 |
| 72. | PATTON 006819-006834 | October 8, 2020 Email re: Brandon Patton # 17461-059 | Rules 106, 401/402, 403, 801, 802 |
| 73. | PATTON 006838-006853 | October 8, 2020 Email re: Brandon Patton # 17461-059 | Rules 106, 401/402, 403, 801, 802 |
| 74. | PATTON 006856-006871 | October 8, 2020 Email re: Brandon Patton # 17461-059 | Rules 106, 401/402, 403, 801, 802 |
| 75. | PATTON 006875-006890 | October 8, 2020 Email re: Brandon Patton # 17461-059 | Rules 106, 401/402, 403, 801, 802 |
| 76. | PATTON 006911-006913 | October 10 & 19, 2020 Email re: On the phone with Ms. Taylor (Brandon Patton's Mom) (FPD communications) | Rules 106, 401/402, 403, 801, 802 |
| 77. | PATTON 006921-006923 | September 28, 2020 Email re: Pending Tests / Pending Tests G1 FPD | Rules 401/402, 403, 801, 802 |
| 78. | PATTON 006924-006931 | October 14, 15, 21 & 27 Email re: POD Daily News Clips (newspaper articles about NSDC) | Rules 401/402, 403, 801, 802, 901 |
| 79. | PATTON 006951-006954 | April 2, 2020 Email re: Medical Records (Communications in April | Rules 401/402, 403, 801, 802 |

14

| | | | |
|---|---|---|---|
| | | from Tayloria re: Brandon's meds), | |
| 80. | PATTON 006959 –006962 | October 8 & 9 Emails re: Significant Incident of Death | Rules 401/402, 403, 801, 802 |
| 81. | PATTON 006963 –006977 | November 17, 2020 & December 18, 2020 Emails re: Updated FPD Covid List and Pending Tests FPD | Rules 401/402, 403, 801, 802 |
| 82. | PATTON 006982 | October 2, 2020 Email re: Updated Tests FPD | Rules 401/402, 403, 801, 802 |
| 83. | PATTON 006983-006984 | October 3, 2020 Email re: USMS Detainee Patton | Rules 401/402, 403, 801, 802 |
| 84. | PATTON 006985-006986 | October 2, 2020 Email re: USMS Unscheduled Medical Transport | Rules 401/402, 403, 801, 802 |
| 85. | PATTON 006990-007035; 007038-007040 | September 2020 – January 2021 Emails re: FPD Updated Covid Lists | Rules 401/402, 403, 801, 802 |
| 86. | PATTON 007042-007047 | November 12, 2020 Email re: Weekly COVID Tracking Update / NSDC Tracking Timeline of Inmate or Detainee Testing | Rules 401/402, 403, 801, 802 |
| 87. | PATTON 007048-007050; 007055 | October 2020 Email re: Weekly Facility Report for NSDC - Weekly roll-up (October 2020) | Rules 106, 401/402, 403, 801, 802 |
| 88. | PATTON 007088; 007093-007094 | October 6, 2020 Email re: Weely Facility Report for NSDC (weekly roll-up) | Rules 106, 401/402, 403, 801, 802 |
| 89. | PATTON 007127-007128; 007136 | NSDC Weekly roll-up report September 28, 2020 | Rules 106, 401/402, 403, 801, 802 |
| 90. | PATTON 007159-007164 | November 5, 2020 Email re: Weekly Update – NSDC Tracking Timeline of Inmate or Detainee Testing | Rules 401/402, 403, 801, 802 |
| 91. | PATTON 007190-007195 | USMS – October 21, 2020 Email re: Ongoing Litigation at the NV Southern Detention Facility | Rules 401/402, 403, 801, 802 |
| 92. | PATTON 007229-007232 | USMS – November 10, 2020 Email re: Ongoing Litigation at the NV Southern Detention Facility | Rules 106, 401/402, 403, 801, 802 |
| 93. | PATTON 007237-007238 | USMS – November 10, 2020 Email re: Ongoing Litigation at the NV Southern Detention Facility | Rules 106, 401/402, 403, 801, 802 |
| 94. | PATTON 007241-007244 | USMS – November 05, 2020 Email re: Ongoing Litigation | Rules 106, 401/402, 403, 801, 802 |

15

| | | | |
|---|---|---|---|
| | | at the NV Southern Detention Facility | |
| 95. | PATTON 007253-007254 | USMS – October 27, 2020 Email re: Ongoing Litigation at the NV Southern Detention Facility | Rules 106, 401/402, 403, 801, 802 |
| 96. | PATTON 007282-007286 | USMS – December 7, 2020 Email re: Ongoing Litigation at the NV Southern Detention Facility | Rules 106, 401/402, 403, 801, 802 |
| 97. | PATTON 007300-007304 | USMS – January 4, 2021 Email re: Ongoing Litigation at the NV Southern Detention Facility | Rules 106, 401/402, 403, 801, 802 |
| 98. | PATTON 007317 | United States Marshal Service's Certificate of Custodian of Records for Document Production in Response to Subpoena Duces Tecum (5 SETS) | Rules 401/402, 403 |
| 99. | PATTON 007318-007321 | Social Security Administration – Itemized Statement of Earnings for Brandon L. Patton from 2015 to 2020 | Rules 801, 802 |
| 100. | PATTON 007233-007234; | NSDC Email Correspondence | Rules 106, 401/402, 403, 801, 802, 901 |
| 101. | PATTON 006182; 006137 | Email Correspondence to Bonnie Holley | Rules 106, 401/402, 403, 801, 802 |
| 102. | CORECIVIC_BP000001 | Portions of Brandon Patton's Institutional File | Rules 401, 403 |
| 103. | CORECIVIC_BP000053 | Inmate Housing History Report | |
| 104. | CORECIVIC_BP002972 | CoreCivic Inmate/Resident Disciplinary Report | Rules 106, 801, 802 |
| 105. | CORECIVIC_BP000215 | COVID Waiver | |
| 106. | CORECIVIC_BP000111 | Portions of NSDC Nursing Notes | Rules 106, 401/402, 403, 801, 802 |
| 107. | PATTON_001035-001046 | Portions of Desert View Hospital Records | Rules 106, 401/402, 403, 801, 802 |
| 108. | CORECIVIC_BP001761 | Call #193038595 | Rules 401/402, 403, 801, 802 |
| 109. | CORECIVIC_BP001865 | Call #196267453 | Rules 401/402, 403, 801, 802 |
| 110. | CORECIVIC_BP001454 | Call #176929721 | Rules 401/402, 403, 801, 802 |
| 111. | CORECIVIC_BP001576 | Call #182892909 | Rules 401/402, 403, 602, 801, 802 |
| 112. | CORECIVIC_BP001624 | Call #187927103 | Rules 401/402, 403, 602, 801, 802 |

16

| 113. | CORECIVIC_BP001635 | Call #188370681 | Rules 401/402, 403, 602, 801, 802 |
|---|---|---|---|
| 114. | CORECIVIC_BP001762 | Call #193168441 | Rules 401/402, 403, 801, 802 |
| 115. | CORECIVIC_BP001795 | Call #193825677 | Rules 401/402, 403, 801, 802 |
| 116. | CORECIVIC_BP001858 | Call #195584377 | Rules 401/402, 403, 801, 802 |
| 117. | CORECIVIC_BP001862 | Call #196047399 | Rules 401/402, 403, 801, 802 |
| 118. | CORECIVIC_BP001958; 001959; 001954; 001951; 001948 | Telephone calls about B. Patton being sick. | Rules 401/402, 403, 801, 802 |
| 119. | CORECIVIC_BP001909;; 001848; 001818; 001753 | Telephone calls about being in the hole | Rules 401/402, 403, 801, 802 |
| 120. | CORECIVIC_BP; 001699, , 001400, 001382, 001373, 001362, 001359, 001339, 001323 | Telephone calls about masks down; lacking COVID protocols; or positive tests | Rules 401/402, 403, 801, 802 |
| 121. | CORECIVIC_BP; 001770 | Telephone calls about messing with him in the hole | Rules 401/402, 403, 801, 802 |
| 122. | CORECIVIC_BP001744, 001395; 001342 | Telephone calls about B. Patton being scared of move and won't survive if he catches COVID | Rules 401/402, 403, 801, 802 |
| 123. | CORECIVIC_BP001908 | Telephone calls with A. Patton | Rules 401/402, 403, 801, 802 |
| 124. | CORECIVIC_BP001454; 001440 | Telephone call re: afraid to die (will need to be redacted) | Rules 401/402, 403, 801, 802 |
| 125. | CORECIVIC_BP001419 | Telephone call re: Guard says COVID just like the flu | Rules 401/402, 403, 801, 802 |
| 126. | CORECIVIC_BP001381 | Telephone call re: Not giving medicine | Rules 401, 403, 801, 802 |
| 127. | CORECIVIC_BP000043 | Detainee Brandon Patton's Institutional File – Detainee Request Form | Rules 401, 403, 801, 802 |
| 128. | CORECIVIC_BP000051-000052 | Unredacted copy of Detainee Brandon Patton's Cellmate Housing History | Rules 401/402, 403 |
| 129. | CORECIVIC_BP000058-000291 | Detainee Brandon Patton's NSDC Medical File | Rules 401/402, 403, 801, 802 |
| 130. | CORECIVIC_BP000302-000335 | 5-1 Incident Packet (Confidential/Attorneys' Eyes Only) | Rules 401/402, 403, 801, 802 |
| 131. | CORECIVIC_BP000336-000339 | CoreCivic Pandemic Coronavirus Plan | |
| 132. | CORECIVIC_BP000340-000345 | Medical Emergency: Attachment #1: Pandemic Coronavirus (COVID-19) Plan | |
| 133. | CORECIVIC_BP000346-000347 | CoreCivic Medical Management of COVID-19: | |

17

| | | | |
|---|---|---|---|
| | | Quarantine High Risk Inmates/Detainees | |
| 134. | CORECIVIC_BP000348-000351 | High-Risk Protective Pod Protocol dated March 25, 2020 | |
| 135. | CORECIVIC_BP000352-000355 | High-Risk Protective Pod Protocol dated April 4, 2020 | |
| 136. | CORECIVIC_BP000356-000359 | March 6, 2020 email to Warden Koehn from Managing Director David Berkebile | |
| 137. | CORECIVIC_BP000360 | May 6, 2020 Change Notice | |
| 138. | CORECIVIC_BP000361 | CoreCivic's Enhanced Mask Plan | |
| 139. | CORECIVIC_BP000362-000372 | Policy 7-6, Physical Plant Area Requirements (Confidential/Attorneys' Eyes Only) | Rules 401/402, 403, |
| 140. | CORECIVIC_BP000373 | Population Tracker for March 2020 | Rules 401/402, 403, 801, 802 |
| 141. | CORECIVIC_BP000374-000375 | NSDC Identified High Risk Detainee Isolation Plan – Coronavirus – for BB, dated April 4, 2020 | |
| 142. | CORECIVIC_BP000376 | Blank Acknowledgment and Waiver | |
| 143. | CORECIVIC_BP000377-000381 | August 18, 2020 email exchange between Ashlee Hesman and Federal Public Defender Sylvia Irvin | Rules 401/402, 403, 801, 802 |
| 144. | CORECIVIC_BP000390-000394 | Detainee Brandon Patton's Disciplinary File | |
| 145. | CORECIVIC_BP000395-000401 | COVID-19 Daily Checklist – Warden/Administrative Duty Officer | |
| 146. | CORECIVIC_BP001962-001988 | Detainee Brandon Patton's Call Log from NSDC | Rules 401/402, 403 |
| 147. | CORECIVIC_BP002637-002931 | Trinity Health Records (part of documents received from FPD pursuant to subpoena duces tecum) | Rules 106, 401/402, 403, 801, 802 (Duplicative of No. 1) |
| 148. | CORECIVIC_BP002977-002986 | Policy 17-100 Receptions and Orientation | Rules 401/402, 403 |
| 149. | CORECIVIC_BP002987-003039 | Policy 18-1 Internal Classification Assessment System | Rules 401/402, 403 |
| 150. | CORECIVIC_BP003040-004181 | CoreCivic's Contract with USMS | Rules 401/402, 403, 801, 802 |
| 151. | CORECIVIC_BP004182-004198 | Policy 18-2 Classification and Inmate/Detainee Management | Rules 401/402, 403 |

18

| 152. | CORECIVIC_BP004199-004308 | Shift Rosters for Unit CA | Rules 401/402, 403 |
|---|---|---|---|
| 153. | CORECIVIC_BP004309-004372 | Housing Report for Unit G2 | Rules 401/402, 403 |
| 154. | CORECIVIC_BP004373-004386 | Housing Report for Unit CA | Rules 401/402, 403 |
| 155. | PATTON_ESI000001-000254 | Emails | Rules 401/402, 403, 801, 802 |
| 156. | PATTON_ESI000355-000371 | Additional Emails | Rules 401/402, 403, 602, 801, 802 |
| 157. | CORECIVIC_BP004391-004415 | Documents received from DNA Diagnostics | Rules 401/402, 403, 801, 802 |
| 158. | CORECIVIC_BP005790-5793 | Grievance submitted by Detainee Clifford Schuett | Rules 401/402, 403, 801, 802 |
| 159. | CORECIVIC_BP005794-005835 | 2018 Detainee Handbook | Rules 401/402, 403 |
| 160. | CORECIVIC_BP005833-005858 | March 23, 2020 Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities | |
| 161. | CORECIVIC_BP005859-005882 | March 23, 2020 Coronavirus Disease 2019 (COVID-19) Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities – Printer Friendly Version | |
| 162. | CORECIVIC_BP005883-005905 | May 7, 2020 Coronavirus Disease 2019 (COVID-19) Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities – Printer Friendly Version | |
| 163. | CORECIVIC_BP005906-005911 | July 7, 2020 Interim Considerations for SARS-CoV-2 Testing in Correctional and Detention Facilities | |
| 164. | CORECIVIC_BP005912-005940 | July 14, 2020 Coronavirus Disease 2019 (COVID-19) Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities | |
| 165. | CORECIVIC_BP005941-005965 | July 22, 2020 Coronavirus Disease 2019 (COVID-19) Interim Guidance on | |

19

| | | Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities | |
|---|---|---|---|
| 166. | CORECIVIC_BP005978-006654 | Shift Rosters for Housing Unit BB from April 9, 2020 to August 19, 2020 | Rules 401/402, 403, 801, 802 |
| 167. | CORECIVIC_BP006655-006656 | G-Unit, and F2, F4 Organizational Chart | Rules 401/402, 403 |
| 168. | CORECIVIC_BP006657-006747 | Shift Rosters for Housing Unit G2 from September 9, 2020 and September 26, 2020 | Rules 401/402, 403 |
| 169. | CORECIVIC_BP006748-006773 | Detainee Information Meeting Minutes from April 14, 2020 to September 29, 2020 | |
| 170. | CORECIVIC_BP006774-006788 | Nevada Southern Detention Center Town Hall Meeting Records for BB Unit from April 28, 2020 to September 18, 2020 | |
| 171. | CORECIVIC_BP006789-006792 | May 19, 2020 Change Notice | |
| 172. | CORECIVIC_BP006793-006795 | CDC Guidance Re: How to Safely Wear and Take Off a Cloth Face Covering, Facemask Do's and Don'ts, and Wear a Cloth Face Covering to Protect You and Your Friends | |
| 173. | CORECIVIC_BP006796-006819 | POLICY 10-1, Special Management/Restrictive Housing Unit Management | Rules 401/402, 403 |
| 174. | CORECIVIC_BP006820-006845 | Policy 10-100, Segregation Management Detainees | Rules 401/402, 403 |
| 175. | CORECIVIC_BP006846 | Daily Tracker for G2, showing the number of detainees housed in G2 from September 9, 2020 through September 26, 2020 | Rules 801, 802 |
| 176. | CORECIVIC_BP006847 | AA/BB 14- Day Isolation Program | |
| 177. | CORECIVIC_BP006848 | Monitoring Form 13-63A | |
| 178. | CORECIVIC_BP006849 | USMS 2019 Novel Coronavirus (2019-nCoV) 14-Day Symptom Monitoring Log | Rules 801, 802 |
| 179. | CORECIVIC_BP006850 | COVID-19 Entry Screening Tool Form 13-91AA-1 | |
| 180. | CORECIVIC_BP006851 | COVID-19 Staff Screening Tool | |
| 181. | CORECIVIC_BP006852-006857 | Detainee David Babit's Inmate/Resident Grievances | Rules 401/402, 403, 801, 802 |

20

| | | and Responses that concern COVID-19 protocols, which were submitted while Detainee Babit was housed with Decedent in housing unit BB | |
|---|---|---|---|
| 182. | CORECIVIC_BP006994-007043 | Decedent's Segregation File | Rules 401/402, 403 |
| 183. | CORECIVIC_BP007044-007185 | Medical Check Lists | |
| 184. | CORECIVIC_BP007186-007189 | NSDC Inmate and Detainee Testing as of September 27, 2020 | Rules 401/402, 403, 801, 802 |
| 185. | CORECIVIC_BP007190 | Warden Koehn's email dated April 6, 2020 | Rules 801, 802 |
| 186. | CORECIVIC_BP007191-007194 | Non-PPE Mask Plan for Staff & Inmates | |
| 187. | CORECIVIC_BP007195 | Mask Distribution Change Notice | |
| 188. | CORECIVIC_BP007196-007198 | Warden Koehn's email dated April 17, 2020 | Rules 801, 802 |
| 189. | CORECIVIC_BP007199 | Cloth Mask Change Notice dated May 15, 2020 | |
| 190. | N/A | Defendants' Answers to Interrogatories | Rules 401/402, 403, 801, 802. |
| 191. | N/A | Defendant's Responses to Admissions | Rules 401/402, 403, 801, 802. |

### i. Defendant's Exhibits[2] & Plaintiffs' Objections:

| Exhibit No. | Bates No. | Description | Objection(s) |
|---|---|---|---|
| 400. | Brandon Patton's NSDC Detainee Request Form - Waiver Request | CORECIVIC_BP000207 | Rules 401/402, 403, 801, 802, 901, 902 |
| 401. | March 25, 2020 Email RE: Coronavirus 3.24.20 - Movement of High Risk Detainees | PATTON_ESI000026–27 | Rules 801, 802, 901, 902 |
| 402. | March 17, 2020 Email RE: Housing Moves | PATTON_ESI000053–54 | Rules 801, 802, 901, 902 |
| 403. | March 24, 2020 Email RE: | PATTON_ESI000055–56 | Rules 801, 802, 901, 902 |

[2] By listing these exhibits, Defendant does not agree to introduce any exhibit, nor does it stipulate to any exhibit's admission at trial. Additionally, pursuant to the Court's January 28, 2026 Order, Defendants removed duplicative and other non-essential exhibits.  (Dkt. 157.)

ClarkHill\K1879\417378\286708440.v1-2/27/26

| Exhibit No. | Bates No. | Description | Objection(s) |
|---|---|---|---|
| | Coronavirus 3.24.20 | | |
| 404. | March 25, 2020 Email to USMS RE: Coronavirus 3.24.20 - Movement of High Risk Detainees | PATTON_ESI000057–58 | Rules 801, 802, 901, 902 |
| 405. | Medical Examiner's Report Regarding Brandon Patton | CORECIVIC_BP000292–301 | Rules 106, 401/402, 403, 801, 802, 901, 902 |
| 406. | April 17, 2020 Change Notice RE: Mask Distribution | CORECIVIC_BP007195 | Rules 801, 802, 901, 902 |
| 407. | April 27, 2020 Email RE: Coronavirus Re: Mandatory Use of Masks by Staff | CORECIVIC_BP007196–7198 | Rules 801, 802, 901, 902 |
| 408. | Dr. Chad Zawitz Curriculum Vitae | CORECIVIC_BP007268–7276 | If offered, Rules 801, 802. |
| 409. | Dr. Chad Zawitz Expert Report (for identification only) | CORECIVIC_BP007209–7245 | If offered, Rules 801, 802. |
| 410. | Dr. Chad Zawitz Rebuttal Report (for identification only) | CORECIVIC_BP007246–7267 | If offered, Rules 801, 802. |
| 411. | Brandon Patton's Institutional File | CORECIVIC_BP000001–43 | Rules 401/402, 403, 404, 901, 902 |
| 412. | Brandon Patton's Commissary Summary by Receipt Number | CORECIVIC_BP002935–2963 | Rules 401/402, 901, 902 |
| 413. | April 3, 2020 Email RE: Disciplinary Hearings for 04-03-20 | PATTON_ESI000061 | Rules 401/402, 403, 801, 802, 901, 902 |
| 414. | Email RE: BB to F1 Move Break Down 08-27-20 | PATTON_ESI000074–75 | Rules 801, 802, 901, 902 |
| 415. | Excerpts of Acorn Hollow Records | CORECIVIC_BP000415 | Rules 401/402, 403, 801, 802, 901, 902 |

22

| Exhibit No. | Bates No. | Description | Objection(s) |
|---|---|---|---|
| 416. | Excerpts of Kiddie Koral Records | CORECIVIC_BP000440; 442 | Rules 401/402, 403, 801, 802, 901, 902 |
| 417. | Excerpt of Westwood Elementary School Records | CORECIVIC_BP002139; 2158 – 2159; 2160; 2167 – 2174 | Rules 401/402, 403, 801, 802, 901, 902 |
| 418. | Excerpts of Longfellow Elementary File | CORECIVIC_BP002112; 2115 – 2116 | Rules 401/402, 403, 801, 802, 901, 902 |
| 419. | Excerpts of Decedent's Applebee's Employment File | CORECIVIC_BP002392; 2429 | Rules 401/402, 403, 801, 802, 901, 902 |
| 420. | Excerpts of Decedent's Newkota Employment File | CORECIVIC_BP002507; 2509 | Rules 401/402, 403, 801, 802, 901, 902 |
| 421. | Excerpts of Decedent's Child Support File | CORECIVIC_BP000819 – 823; 825 – 838; and 857 – 861 | Rules 401/402, 403, 801, 802, 901, 902 |
| 422. | Excerpts of Decedent's 2016 Ward County Criminal File | CORECIVIC_BP001989 – 2000; 2008-2018 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 423. | Minot Police Department Report No. 2016-00013366 | CORECIVIC_BP004420 – 4423 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 424. | Minot Police Department Report No. 2016-00016258 | CORECIVIC_BP004424 – 4521 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 425. | Minot Police Department Report No. 2017-00016379 | CORECIVIC_BP004527 – 4528 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 426. | Minot Police Department Report No. 2018-000003728 | CORECIVIC_BP004529 – 4988 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 427. | Minot Police Department Report No. 2018-00015607 | CORECIVIC_BP004993 – 5007 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 428. | Nevada Highway Patrol Arrest Information | CORECIVIC_BP005033 – 5042 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 429. | Nevada State Trooper Body Worn Camera | CORECIVIC_BP005043 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |

23

ClarkHill\K1879\417378\286708440.v1-2/27/26

| Exhibit No. | Bates No. | Description | Objection(s) |
|---|---|---|---|
| 430. | Nevada State Trooper Body Worn Camera | CORECIVIC_BP005044 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 431. | Nevada State Trooper Body Worn Camera | CORECIVIC_BP005045 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 432. | Nevada State Trooper Body Worn Camera | CORECIVIC_BP005046 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 433. | Nevada State Trooper Body Worn Camera | CORECIVIC_BP005047 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 434. | Nevada State Trooper Dash Cam | CORECIVIC_BP005048 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 435. | Nevada State Trooper Dash Cam | CORECIVIC_BP005049 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 436. | Nevada State Trooper Dash Cam | CORECIVIC_BP005050 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 437. | Nevada State Trooper Dash Cam | CORECIVIC_BP005051 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 438. | Nevada State Trooper Dash Cam | CORECIVIC_BP005052 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 439. | Nevada State Trooper Dash Cam | CORECIVIC_BP005053 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 440. | Nevada State Trooper Dash Cam | CORECIVIC_BP005054 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 441. | Nevada State Trooper Dash Cam | CORECIVIC_BP005055 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 442. | Nevada State Trooper Dash Cam | CORECIVIC_BP005056 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 443. | Nevada State Trooper Dash Cam | CORECIVIC_BP005057 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 444. | Excerpts of Decedent's North Dakota Department of Correction's File | CORECIVIC_BP002179 – 2190; 2192; 2195 – 2196; 2202; 2205; 2219; 2240 – 2244; 2254 – 2255; 2289 - 2293 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 445. | Excerpts of Decedent's Darden Restaurants Employment File | CORECIVIC_BP005058; 5059 | Rules 401/402, 403, 801, 802, 901, 902 |
| 446. | Athens Clark County Police Report No. 10-09-1036 | CORECIVIC_BP000460 – 503 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |

| Exhibit No. | Bates No. | Description | Objection(s) |
|---|---|---|---|
| 447. | Decedent's Confession to Athens-Clark County Police Department | CORECIVIC_BP000504 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 448. | Plaintiff's Statement to Athens-Clark County Police | CORECIVIC_BP000505 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 449. | Decedent's Statement to Athens-Clark County Police Department | CORECIVIC_BP000506 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 450. | Decedent's Instagram | CORECIVIC_BP005108 – 5109 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 451. | Decedent's Facebook | CORECIVIC_BP005110 – 5356 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 452. | Decedent's Facebook | CORECIVIC_BP005357 – 5410 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 453. | Decedent's Facebook | CORECIVIC_BP005411 – 5593 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |
| 454. | Byron's Facebook | CORECIVIC_BP005594 – 5600 | Rules 401/402, 403, 404B, 801, 802, 901, 902 to CORECIVIC_BP005596, 5598, 5600 |
| 455. | Deja Mathis' Facebook Post | CORECIVIC_BP005601 | Rules 401/402, 403, 404B, 801, 802, 901, 902 |

**Plaintiffs:**. Dkt.157 ordered that the parties meet and confer and attempt to narrow down the exhibits and witnesses. While Defendants removed all previous exhibits that were also on Plaintiff's list of exhibits, that have now added 40 new exhibits (Exhibits 415-455.) While Plaintiffs did not read Dkt. 157 to allow the parties to add additional exhibits, Plaintiffs recognize there is no prejudice due to the timing of the order and trial. As such, Plaintiffs have identified their objections to the exhibits. Plaintiff reserves the right to object at trial to any exhibits that the Defendants have identified as potential exhibits that may be admitted.

ClarkHill\K1879\417378\286708440.v1-2/27/26

**ELECTRONIC EVIDENCE**:

**Plaintiffs**: Plaintiffs reserve the right to present electronic evidence for purposes of jury deliberations or for demonstrative purposes only.

**Defendant**: Defendant reserves the right to present electronic evidence and demonstratives.

**D.   DEPOSITIONS:**

**Plaintiffs**: Plaintiffs will offer the depositions for impeachment purposes.  The Plaintiffs intend to offer the deposition testimony of any witness that are unavailable to testify.

**Defendant**: Defendant reserves the right to use deposition testimony as permitted by the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Court's rulings on deposition designations.

**E.   OBJECTIONS TO DEPOSITIONS:**

The parties reserve their right to object to the admission of any deposition testimony.

**F.   WITNESSES AT THE TIME OF TRIAL**

Pursuant to Local Rule 16-3(c), unless offered for impeachment purposes, no exhibits will be received and no witnesses will be permitted to testify at the trial unless listed in the Joint Pretrial Order. However, for good cause shown, the Court may allow an exception to this provision.

**a.   Plaintiffs Intend Calling The Following Witnesses:**

1. Tayloria Taylor

2. ALTP

3. Byron Patton

4. Daniella Bloms

5. Deja Mathis

26

6. An employee of the US Marshal's Office[3]

      i. Michael Desch, USM Detention Management Inspector

      ii. Jerome Fairweather - United States Marshal Service

      iii. Steven Carpenter- United States Marshal Service

      iv. Desiree Sida- United States Marshal Service

      v. Gary Schofield- United States Marshal Service

      vi. Khaled Kayyal- United States Marshal Service

      vii. Sydney Rebello - United States Marshal Service

      viii. Greg Hoff- United States Marshal Service

      ix. Valisha Jackson, PHd, MPH, RN, CDR, USPHS- United States Marshal Servicex. ara Bear- United States Marshal Service

      x. amie Hamilton- United States Marshal Service

7. Dr. Lisa Gavin

8. Dr. Tsui, M.D.

9. Dr. Murray M. Rosenberg

10. James Haynes, M.D.

11. David Watson, M.D.

12. Anees Arshad, DO

13. Attorney from the Federal Public Defender Officer[4]

---

[3] Counsel for the Plaintiffs has advised defense counsel that it is not their intention to call more than one or two of the United States Marshals at trial. Since the appearance of a federal employee requires a Toughie request and the trial will not be scheduled for almost a year, Plaintiffs list all possible witnesses that could be called for the purpose of discussing actions known and taken during the time Brandon Patton was at NSDC by the US Marshals. Plaintiff's counsel will provide the exact name of the witness within a reasonable time before trial.

[4] It is not Plaintiff's intention to call all three attorneys that work or worked at the Federal Public Defender's Office. However, two of the attorneys have since left the jurisdiction and with the trial almost a year away, it is unclear who will be available to testify. Plaintiff's counsel will provide the exact name of the witness within a reasonable time before trial.

ClarkHill\K1879\417378\286708440.v1-2/27/26

      i.  Brandon C. Jaroch

     ii.  Sylvia Irvin

    iii.  Raquel Lazo

14. Detainees that Resided at NSDC[5]

      i.  Juan Murillo-Ramos

     ii.  Dalas Blakely

    iii.  Harold Thrash

    iv.  Laron Williams

     v.  Jimmy Kim

    vi.  David Cox  – Detainee

   vii.  Justin Trip

15. Ashlee B. Hesman, Esq.

16. M. Peterson – Corrections Officer

17. Lt. Trujillo – Corrections Officer

18. Melissa Peek-Bullock, Nevada Department of Health & Human Services

19. Bonnie Peterson - CoreCivic

20. Dr. Ryan D. Herrington

21. Thomas Carroll, Ph.D.

22. Julia Rose, M.A.

Plaintiffs reserve the right to call any of the Defendant's listed witnesses included but not limited to Bonnie Holley, Brian Koehn, Eugene Sapp, Maleita Lindamood, Rebecca Smith and

---

[5] All the men named were pretrial detainees that resided at NSDC while Brandon Patton was also a pretrial detainee.  All witnesses have percipient knowledge to how the facility was being run during Covid-19.  All these witnesses have been transferred out of NSDC and are either located in other facilities outside of Nevada or have been released from custody.  With the trial a year away, it is unclear what witnesses will be available to testify.  It is not Plaintiffs intention to call all these witnesses but can specify at this time which witnesses will be available to testify in 2027. Plaintiff's counsel will provide the exact name of the witness within a reasonable time before trial.

28

Sean Kuntz. The Plaintiffs hereby reserve the right to interpose objections to the calling of any of the named witnesses listed above prior to trial.

> b.      **Defendant's Witnesses:**

Defendant objects to Plaintiffs' 39 witnesses.   While Plaintiffs removed some pursuant to the Court's directive in its January 28, 2026 Order, the same problems identified by Defendants and the Court remain.   Indeed, the majority of Plaintiffs' proposed witnesses possess neither personal knowledge nor relevant information. To illustrate, Plaintiffs list Defense counsel, entities without specifying who from the entity they will call, USMS employees,  federal public defenders, numerous treating providers (Decedent's post-NSDC medical treatment is irrelevant), and various detainees.  Any probative value of those witnesses' testimony will be substantially outweighed by the danger of needlessly presenting cumulative evidence, prejudicing Defendant, and confusing the issues.

Defendant may call the following witnesses:

1. Brian Koehn
2. Pamela Lauer
3. Brandon Delaney
4. Eugene Sapp
5. Sean Kutz
6. Maleita Lindamood
7. Kayla Murphy
8. Bonnie Holley
9. Rebecca Smith
10. Dr. Keith Ivens
11. Dr. Chad Zawitz

Defendant reserves the right to call any witness listed by Plaintiffs.

Defendant reserves the right to call impeachment witnesses as permitted by applicable court rules.

### G.    PROPOSED TRIAL DATES

The attorneys have met and jointly offer the following three individual trial dates:

1.    January 19, 2027;

2.    January 25, 2027; and

3.    February 1, 2027.

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

### H.    ESTIMATED TRIAL LENGTH

**Plaintiff:** It is estimated that the trial will take 7-10 days.

**Defendant:** It is estimated that the trial will take 4-5 days.

DATED this 27th day of February 2026.

**CLARK HILL LLC**

 _/s/ Paola M. Armeni, Esq._
PAOLA M. ARMENI
Nevada Bar No. 8357
GIA N. MARINA
Nevada Bar No. 15276
1700 S. Pavilion Center Dr., #500
Las Vegas, Nevada 89135
*Attorneys for Plaintiffs, Patton Family*

**STRUCK LOVE ACEDO, PLC**

 _/s/ Kristina R. Rood, Esq._
ASHLEE B. HESMAN
Nevada Bar No. 012740
KRISTINA R. ROOD
Arizona Bar No. 035097
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

**HARPER WIXON**
JAMES E. HARPER
Nevada Bar No. 9822
1935 Village Center Circle
Las Vegas, NV 89134
*Attorneys for Defendant, CoreCivic, Inc.*

30

**ACTION BY THE COURT**

This case is set for jury trial on the fixed/stacked calendar on _____.

Calendar call will be held on _____.

**SO ORDERED.**

Dated:_____              **BY THE COURT:**


                                              _____
                                              **UNITED STATES DISTRICT JUDGE**

31

ClarkHill\K1879\417378\286708440.v1-2/27/26